**Alfred KAISER,**

v.

**The SECRETARY OF THE NAVY and The Board for Correction of Naval Records.**

**No. 81–K–912.**

United States District Court, D. Colorado.

July 2, 1982.

---

Richard M. Borchers, Westminster, Colo., for plaintiff.

John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for mandamus and injunctive relief pursuant to 28 U.S.C. §§ 1361, 1331 to compel the defendants to upgrade the plaintiff's 1948 military discharge.

The plaintiff is a former member of the United States Marine Corps and was serving on active duty when charged with the military crime of desertion and convicted by a general court-martial on February 9, 1948. He was sentenced to confinement at hard labor for 24 months and received a dishonorable discharge. The plaintiff claims that he is entitled to have his dishonorable discharge upgraded and his court-

martial conviction voided since he was denied his fifth amendment right to due process of law and sixth amendment right to effective assistance of counsel, during the court-martial proceedings.

The plaintiff claims that he was denied effective assistance of counsel because he was represented solely by a dentist who did nothing to present a case or a defense. The plaintiff also asserts that the entire trial was a sham and a farce. The plaintiff's commanding officer sat on the jury and also testified against the plaintiff as a prosecution witness. Upon completing his testimony, this commanding officer resumed his seat with the jury. Further, the court-martial was advised by a judge advocate who also acted as prosecutor. This judge advocate called himself as a prosecution witness against the plaintiff and then returned to his dual duties as prosecutor and legal advisor after testifying. The only two witnesses against the plaintiff at this trial were his commanding officer and the judge advocate.

The plaintiff first attempted to upgrade his dishonorable discharge administratively, through the defendant Board for Correction of Naval Records. This board is an entity created by 10 U.S.C. § 1552 to correct errors and records of present and former members of the United States Navy and the United States Marine Corps. The correction board denied the plaintiff's request to upgrade his dishonorable discharge in 1979 and the defendant Secretary of Navy followed the correction board's recommendation. The plaintiff then brought this action in June, 1981, to direct the defendants to upgrade his discharge.

I have ruled previously that this action is not barred by the statute of limitations or laches. *Kaiser v. Secretary of Navy*, 525 F.Supp. 1226 (D.Colo.1981). This matter is now before me on the plaintiff's motion for summary judgment and on the defendants'

"motion to dismiss" and "cross-motion for summary judgment or other relief." The plaintiff claims that the trial transcript conclusively establishes that he was denied his fifth and sixth amendment rights during the course of, the court-martial. The defendants deny that the transcript establishes any constitutional violations and further assert that this action should be "stayed" or "dismissed without prejudice to the plaintiff" for failure to exhaust administrative remedies. For the reasons expressed in this opinion, this action is stayed pending the plaintiff's exhaustion of his remedies under Article 69 of the Uniform Code of Military Justice, 10 U.S.C. § 869 (1976).[1]

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ It is well settled that a party seeking corrective or habeas relief from allegedly improper courts-martial and military discharges, must exhaust all adequate and available military remedies before seeking relief in federal court. *See e.g. Noyd v. Bond*, 395 U.S. 683, 693, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969); *Angle v. Laird*, 429 F.2d 892, 894 (10th Cir. 1974); *Smith v. Secretary of Navy*, 392 F.Supp. 428, 431 (W.D.Mo.1974), aff'd 506 F.2d 1250 (8th Cir. 1974); *Kaiser v. Secretary of Navy*, 525 F.Supp. 1226, 1229 (D.Colo.1981).[2] The policy underlying the exhaustion rule is twofold: First, the unused military administrative procedures may be completely dispositive of the alleged defect, thus making intervention by the federal court wholly needless. Second, if the military procedure proves adequate, potential friction between the civil and military systems is avoided. *Gusik v. Schilder*, 340 U.S. 128, 131–32, 71 S.Ct. 149, 151–52, 95 L.Ed. 146 (1950); *Artis v. United States*, 506 F.2d 1387, 1390 (Ct.Cl. 1974); *Small v. Commanding General*, 320 F.Supp. 1044, 1045 (S.D.Cal.1970), aff'd 448 F.2d 1397 (9th Cir. 1971).

1. I need not address the merits of the plaintiff's claim although a cursory review of the court-martial transcript discloses potential constitutional infirmities which Gilbert and Sullivan would have been hard-pressed to parody.

2. For a discussion of the use of the term "corrective action" and the similarities between "corrective" relief and habeas relief, see my first opinion in this case, 525 F.Supp. at 1228–1230.

In the instant case the defendants allege that the plaintiff has failed to exhaust three allegedly adequate and available remedies: 1) The Board for Correction of Naval Records, 10 U.S.C. § 1552; 2) Article 74(b) of the Uniform Code of Military Justice, 10 U.S.C. § 874(b); and 3) Article 69 of the Uniform Code of Military Justice, 10 U.S.C. § 869.

### 1. The Board for Correction of Naval Records ("BCNR")

10 U.S.C. § 1552 provides in pertinent part that:

> The Secretary of a Military department, under the procedures established by him acting through boards of civilians of the executive part of that department may correct any military record of that department when he considers it necessary to correct an error or remove an injustice.

As mentioned previously, in 1979 the plaintiff unsuccessfully attempted to upgrade his administrative discharge through the BCNR. The defendants assert that notwithstanding the BCNR's denial of relief, the plaintiff still has a potential remedy before that administrative body. The defendants claim that before the D.C. Circuit's opinion in *Baxter v. Claytor*, 652 F.2d 181 (D.C.Cir.1981), the BCNR assumed that it lacked jurisdiction to review errors committed in the course of court-martial proceedings. In *Baxter*, the circuit court ordered the BCNR to process the plaintiff's application after the BCNR had refused to consider the application on the ground that the board lacked jurisdiction to provide any remedy other than shortening a too-harsh sentence. Accordingly, the defendants in the instant case assert that the BCNR can now provide an adequate administrative remedy which it could not provide when the plaintiff filed his application in 1979.

■ However, unlike the situation in *Baxter*, the BCNR in the instant case must have assumed that it had jurisdiction over the plaintiff's request to upgrade his discharge since it did not dismiss or otherwise refuse to consider the plaintiff's application for want of jurisdiction. Indeed, there is no question that at the time of the plaintiff's application, the clear language of 10 U.S.C. § 1552(a) granted authority to the BCNR to correct all military records where it "considers it necessary to correct error or remove an injustice." Accordingly, I conclude that the plaintiff, having exhausted review before the BCNR, need not resort to this remedy again.

### 2. Article 74(b)

■ 10 U.S.C. § 874(b) provides that

> The secretary concerned may, for good cause, substitute an administrative form of discharge for a discharge or dismissal executed in accordance with the sentence of a court-martial.

Although there are no published regulations governing the procedures under Article 74(b), the regulations approved by the secretary and contained in the office of the Judge Advocate General state that:

> Article 74(b) does not provide another regular or extraordinary procedure for the review of a court-martial. Questions of guilt or innocence, or legal issues attendant to the court-martial which resulted in the punitive discharge or dismissal are neither relevant nor appropriate for consideration under Article 74(b). As used in the statute, "good cause" was envisioned by Congress to encompass only a Secretarial exercise of clemency and ultimate control of sentence uniformity. Accordingly, in determining what constitutes "good cause" under Article 74(b), the primary secretarial concern will be with the applicant's record in the civilian community subsequent to his or her punitive separation.

The remedy provided under Article 74(b) is more in the nature of a pardon or clemency due to subsequent good behavior than a remedy for correction of improper discharges. The question whether a less than honorably discharged military person has become a model citizen is an entirely different question from whether such person was unjustly or improperly convicted by court-martial. Moreover, I am unaware of any authority, nor do the defendants provide any, indicating that resort to such a remedy

is necessary to satisfy the exhaustion requirement in actions seeking corrective or habeas corpus relief.[3]

Accordingly, I hold that the plaintiff need not exhaust remedies under Article 74(b).

### 3. *Article 69*

■ 10 U.S.C. § 869 provides in pertinent part that:

Every record of trial by general court-martial, in which there has been a finding of guilty and a sentence, the appellate review of which is not otherwise provided for by section 866 of this title (article 66), shall be examined in the office of the Judge Advocate General. . . .

[t]he findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in part, by the Judge Advocate General on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused.

Article 66, 10 U.S.C. § 866 provides at subsection (b) that:

The Judge Advocate General shall refer to a Court of Military Review the record in every case of trial by court-martial in which the sentence, as approved, affects a general or flag officer or extends to death, dismissal of a commissioned officer, cadet or midshipman, dishonorable or bad-conduct discharge or confinement for one year or more.

Under this administrative scheme, there is no question that the Judge Advocate General would lack jurisdiction to review the plaintiff's application under Article 69, if the plaintiff's court-martial had been reviewed under Article 66. *Baxter v. Claytor*, 652 F.2d at 183. Despite the fact that the plaintiff received a dishonorable discharge and a sentence of confinement in excess of one year, his case was not reviewed by the court of military review, as provided in Article 66, since such procedure was not in

existence at the time of the plaintiff's court-martial in 1948. Accordingly, Article 69 relief is still available to the plaintiff.

Several courts have held that resort to Article 69 is a prerequisite to federal court relief in appropriate habeas and corrective actions. *See e.g. Smith v. Secretary of Navy*, 392 F.Supp. 428, 433–34 (W.D.Mo. 1974), *aff'd* 506 F.2d 1250 (8th Cir. 1974); *Artis v. United States*, 506 F.2d 1387, 1388–91 (Ct.Cl.1974); *Small v. Commanding General*, 320 F.Supp. 1044, 1045–46 (S.D.Cal. 1970), *aff'd* 448 F.2d 1397 (9th Cir. 1971). Further in *Smith*, the Circuit and District courts found that resort to article 69 was necessary even though the plaintiff, as in the instant case, was court-martialed long before Article 69's enactment.

Accordingly, it is hereby

ORDERED that this action is stayed pending the plaintiff's resort to Article 69.

IT IS FURTHER ORDERED that the motion to dismiss and cross-motions for summary judgment are otherwise denied. The parties may renew their motions, if necessary, after the plaintiff exhausts his remedy under Article 69.

---

**3.** Analogously, there is no requirement that state prisoners seek pardons in order to exhaust remedies prerequisite to bringing habeas

actions in federal court pursuant to 28 U.S.C. § 2254(b).