**Arthur Edward SHEEHAN,
Plaintiff-Appellant,**

v.

**ARMY AND AIR FORCE EXCHANGE SERVICE, An Instrumentality of the Departments of the Army and of the Air Force, Defendant-Appellee.**

No. 79–1471.

United States Court of Appeals,
Fifth Circuit.*

Sept. 20, 1982.

Ira E. Tobolowsky, Irwin Lightstone, Dallas, Tex., for plaintiff-appellant.

Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., Thomas W. Petersen, Wm. Kanter, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

PER CURIAM:

In our original decision in this case, we held that the district court had jurisdiction

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

of plaintiff's claims for monetary relief under the Tucker Act, 28 U.S.C. § 1346(a)(2), and that the court had jurisdiction of plaintiff's claims for nonmonetary relief under 28 U.S.C. § 1331(a) and the waiver of sovereign immunity contained in 5 U.S.C. § 702. *Sheehan I*, 619 F.2d 1132 (5th Cir. 1980). In reversing our judgment, the Supreme Court has held only that our theory of jurisdiction for monetary relief under § 1346(a)(2) was in error. *Army & Air Force Exch. Serv. v. Sheehan*, —— U.S. ——, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982). The Court expressly noted that our finding of jurisdiction for nonmonetary relief was not before it. *Id.* 102 S.Ct. at 2121 n.3. Therefore, as defendant concedes, our judgment concerning plaintiff's claims for nonmonetary relief should be reinstated and this case remanded for further proceedings on those claims.

The district court's judgment is AFFIRMED with respect to Sheehan's claim for monetary relief, and REVERSED and REMANDED with respect to Sheehan's claim for nonmonetary relief.