**Philip Roberts CHATMAN, Jr.,**
**Plaintiff, Appellant,**

v.

**Commodore D.E. HERNANDEZ, U.S.N.,**
**et al., Defendants, Appellees.**

**No. 86–1205.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.

Decided Nov. 21, 1986.

**454**

Philip Roberts Chatman, Jr., on brief pro se.

Enrique S. Lamoutte, Asst. U.S. Atty., and Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Appellant Philip Roberts Chatman, Jr. challenges a district court order dismissing his *pro se* complaint on the grounds that the court lacked subject matter jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. §§ 2241, 2255 or 28 U.S.C. §§ 1346(b), 2671–80. For the reasons stated below, we affirm.

We adopt the district court's statement of the facts as follows:

Phillip R. Chatman, Jr., Aviation Boatswain's Mate Handler Third Class (E–4), U.S. Navy, was accused of murdering his

twenty one month old daughter, assault on a Naval Investigative Service agent, and fraudulent enlistment. On March 22, 1982, he appeared before a military judge and entered a guilty plea. After a hearing, a General Court Martial, properly convened, sentenced Mr. Chatman to a Dishonorable Discharge, confinement at hard labor for twenty years, forfeiture of all pay and allowances, and reduction in rank to E–1. On June 18, 1982, the convening authority reviewed and approved the sentence as imposed, but suspended the execution of the last three years of confinement. During both of the aforementioned proceedings Mr. Chatman was assisted by appointed military counsel. On September 17, 1982, the United States Court of Military Review affirmed the findings and sentence of the trial court. Thereafter, on January 18, 1983, plaintiff's petition for remand to the U.S. Navy-Marine Corps Court of Military Review was denied. On October 27, 1983, plaintiff's petition for review by the U.S. Court of Military Appeals was also denied.

At present, plaintiff is incarcerated in the Indiana Federal Penitentiary at Terre Haute. There is pending a petition for a writ of habeas corpus before the United States District Court for the Southern District of Indiana filed by plaintiff against the Warden of the aforementioned institution challenging the lawfulness of his conviction, sentence and confinement.

On August 25, 1985, the present action was filed seeking damages for the alleged medical malpractice concerning the death of his daughter, for permanent injuries sustained as a result of brutality of Naval Investigative Service agents and for his family's embarrassment as a result of his conviction and incarceration. Damages are also sought for loss of his military pay and loss of promotion opportunity as a result of his conviction. Finally, plaintiff requests release from incarceration, a formal letter of apology and expungement of his conviction from all records.

*42 U.S.C. § 1983*

Appellant's primary claim for relief is under 42 U.S.C. § 1983. However, Section 1983 applies to persons acting "under color of state law" and not to persons acting pursuant to federal law. *Cervoni v. Secretary of H.E.W.*, 581 F.2d 1010, 1019 (1st Cir.1978). Here, appellant alleges that his constitutional rights were violated by the actions of federal officials acting under federal law. Such a claim is beyond the scope of Section 1983. Thus, under this provision, appellant has failed to state a claim upon which relief can be granted.

*The Habeas Corpus Statutes*

Section 2255 of Title 28, United States Code, provides relief to judgments and sentences imposed by federal courts. *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). However, Article 76 of the Uniform Code of Military Justice, 10 U.S.C. § 876, states that military review of court martial convictions shall be "final and conclusive" and "binding upon all ... courts ... of the United States." Therefore, this court lacks jurisdiction to entertain an action under Section 2255 which challenges a military conviction.

A habeas corpus claim under 28 U.S.C. § 2241 is also unavailable. Such relief lies only in the district wherein petitioner is confined. *White v. State of Tennessee*, 447 F.2d 1354 (6th Cir.), *cert. denied*, 406 U.S. 921, 92 S.Ct. 1782, 32 L.Ed.2d 121 (1971). The appellant is being held in custody at Terre Haute, Indiana, which is where the habeas corpus proceeding should properly be brought and, in fact, was brought.

*Constitutional Violations*

In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court authorized a suit for damages against federal officials whose actions violated an individual's constitutional rights,

even though Congress had not expressly authorized such suits. However, the Court added, this remedy is not available when "special factors counselling hesitation" are present. *Id.* at 396, 91 S.Ct. at 2005. Appellant Chatman's alleged constitutional violations could have been brought under the *Biven's* rationale, but for those "special factors." Recently, the Supreme Court specifically determined that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations. *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). Part of the rationale for this holding was the accepted existence of two systems of justice:

> The special status of the military has required, the Constitution has contemplated, Congress has created, and this Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel.

*Id.* at 303–304, 103 S.Ct. at 2367. In the present case, all of the individuals mentioned in appellant's complaint, with the exception of the Naval Investigative Service agents, were commissioned officers, and therefore, superior to the appellant. The appellant then, under *Chappell,* is precluded from basing his claim on *Bivens.*

*Mandamus*

 Appellant could conceivably have brought an action for mandamus and injunctive relief pursuant to 28 U.S.C. §§ 1361, 1331 to compel the upgrading of his military discharge and the voiding of his court-martial conviction. *See, e.g., Kaiser v. Secretary of the Navy,* 542 F.Supp. 1263 (D.Col.1982); *Lima v. Secretary of the U.S. Army,* 314 F.Supp. 337 (D.Pa. 1970). But appellant's action under 28 U.S.C. § 1361 is barred for failure to exhaust administrative remedies. "It is well settled that a party seeking corrective or habeas relief from allegedly improper courts-martial and military discharges, must exhaust all adequate and available military remedies before seeking relief in federal court." *Kaiser, supra,* 542 F.Supp.

at 1265. Appellant in the instant case failed to petition the Board for Correction of Naval Records for review of his case. 10 U.S.C. § 1552(a).

The failure to exhaust administrative remedies does not necessitate a dismissal; this court could follow the example of the *Kaiser* court and order a stay pending exhaustion. *Kaiser, supra,* 542 F.Supp. 1263. However, in regards to an action pursuant to 28 U.S.C. § 1361, case law is clear that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *U.S. v. Sam Goody, Inc.,* 675 F.2d 17 (C.A.N.Y.1982). Three elements must exist before mandamus is properly exercised: 1) plaintiff must have a clear right to the relief, 2) defendant must have a clear duty to act, and 3) no other adequate remedy must be available. *Sheehan v. Army & Air Force Exchange Service,* 619 F.2d 1132, *rev'd on other grounds* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520, on remand 686 F.2d 262 (5th Cir.1980). Appellant does have an "other adequate remedy," *e.g.,* the administrative remedy provided by the Board for Correction of Naval Records. Furthermore, appellant's situation is not "extraordinary." On the basis of the record, appellant does not present a clear right to have his court-martial conviction voided nor his dishonorable discharge upgraded. He is claiming a violation of his constitutional right of due process based on his allegations of ineffective assistance of counsel and of an unfair trial due to the bias of the presiding officer. But these allegations are not clearly supported by the trial record nor by appellant's brief. His claims are, at best, dubious, and thus, mandamus is not an appropriate remedy here.

*Federal Tort Claims Act*

 The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80 is a limited waiver of sovereign immunity for certain tort claims brought against the United States. To the extent that the FTCA is applicable to appellant's claims for

money damages for wrongful death due to the negligence of federal government employees, it is barred due to appellant's failure to exhaust administrative remedies and pursuant to *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) (the United States is not liable under the FTCA for injuries to servicemen while on active duty).

Section 2675 of the FTCA establishes as a prerequisite to bringing suit therein, that a plaintiff present notice of his or her claim to the appropriate federal agency. *Adams v. United States,* 615 F.2d 284 (5th Cir. 1980). Appellant failed to file any administrative claim, which failure precludes an action under the FTCA. *Santiago Rivera v. U.S.,* 405 F.Supp. 330, 331 (D.P.R.1975).

The *Feres* doctrine is a judicially created exception to the FTCA's waiver of immunity. 340 U.S. 135, 71 S.Ct. 153. The Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. At the time of the alleged wrongs in this case, appellant was in fact a serviceman on active duty. The investigation for the crimes for which he was convicted, as well as the trial itself, were "in the course of activity incident to (his) service."

The appellant must resort to the administrative remedy provided by the Board for Correction of Naval Records. We are aware that 10 U.S.C. § 1552(b) provides a three year statute of limitation in which to file with the Board, unless it is in the "interest of justice" to excuse the failure to file. Appellant was convicted on March 22, 1982, but his petition for review by the U.S. Court of Military Appeals was not denied until October 27, 1983. Appellant's action accrued from the date of the last administrative decision, not from the date of discharge. *Mulvaney v. Stetson,* 470 F.Supp. 725, 730 (N.D.Ill.1979). Even if the statute of limitation had run, this court believes it to be in the interest of justice to excuse the

failure to file, due to appellant's *pro se* position.

It is hereby ordered that the district court's opinion is *affirmed.*