**Don J. HELSABECK**

v.

**UNITED STATES of America.**

**No. 92–128–CIV–4–BO.**

United States District Court,
E.D. North Carolina,
New Bern Division.

May 14, 1993.

David P. Voerman, New Bern, NC, for plaintiff.

Charles E. Hamilton, III, Asst. U.S. Atty., Raleigh, NC, for defendant.

ORDER

TERRENCE WILLIAM BOYLE, District Judge.

FACTS AND PROCEDURAL BACKGROUND

In May of 1990 plaintiff was fired from his position as a civilian food service director at

Cherry Point Marine Air Station. The stated reasons for his termination were that Helsabeck had taken unauthorized discounts on food he purchased for his own use, and that he failed to pay his employees properly for overtime. In this action, he contends that his Marine Corps employers did not follow proper procedures for terminating him, and that they thereby violated both the applicable Navy regulations and the fifth amendment's due process clause. He is requesting reinstatement to his former position, expungement of his personnel records, back pay and restitution for lost benefits. In his original complaint, plaintiff claimed that the court has subject matter jurisdiction under 28 U.S.C. § 1331.

Defendant then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that (1) the court lacks subject matter jurisdiction over the plaintiff's claim for money damages because there was no waiver of sovereign immunity, and (2) the court lacks jurisdiction over the claims for equitable relief because the Civil Service Reform Act specifically excludes non-appropriated fund instrumentalities (or NAFIs) such as the food service at Cherry Point.

In response to this motion, plaintiff filed a motion for leave to amend his complaint. The amended complaint relies upon 5 U.S.C. § 702, a provision of the Administrative Procedure Act, as a basis for jurisdiction along with 28 U.S.C. § 1331. It is plaintiff's position that the APA provides the necessary waiver of sovereign immunity to place this case within the court's jurisdiction, and that it provides a basis independent of the Civil Service Reform Act for considering claims of wrongful discharge by NAFI personnel.

## DISCUSSION

■ "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of an adverse party; and leave shall be freely given when justice so requires." Rule 15(a), Fed. R.Civ.P. The Supreme Court has interpreted Rule 15(a) to require that leave to amend

be granted absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies or that the amendment is futile or unnecessary. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). With these standards in mind the court turns to a consideration of the motion to amend in this case.

Defendant contends that dismissal for lack of subject matter jurisdiction is proper because plaintiff has not shown any waiver of the sovereign immunity of the United States. "It is now well settled ... that the United States may not be sued without its consent. The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time, either by the parties or by the court on its own motion." Wright, Miller and Cooper, *Federal Practice and Procedure* § 3654. Plaintiff seeks to cure that deficiency in his complaint by amending it to allege that 5 U.S.C. § 702 provides the necessary waiver of sovereign immunity to permit him to bring his claims under 28 U.S.C. § 1331.

While plaintiff is correct that the Section 702 waives the United States' immunity from suit, the waiver is limited to "relief other than money damages", 5 U.S.C. § 702, and therefore does not give the court jurisdiction over plaintiff's monetary claims. Since plaintiff's proposed amended complaint fails to show any congressional consent to his damages claims, it would be futile to allow an amendment that would not cure the jurisdictional defect. Therefore plaintiff's motion to amend will be denied with respect to his damages claims.

■ To the extent that Helsabeck seeks to amend his claims for "relief other than money damages," however, Section 702 does provide the necessary consent to suit to permit this action to be brought. An amended complaint which raised Section 702 would clear the hurdle of sovereign immunity, but defendant has also raised an additional argument in favor of dismissing the nonmonetary claims. Congress specifically excluded NAFI employees from coverage under the Civil Service Reform Act (CSRA) 5 U.S.C. § 2105. Based upon this statute and the

Supreme Court's decision in *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), defendant contends that judicial review of NAFI personnel decisions is not permitted.

The court cannot conclude that excluding NAFI employees from the CSRA bars all judicial review for those employees; it simply puts them outside the umbrella of CSRA protections. The *Fausto* decision does not change this result, because the plaintiff in that case *was* an "employee" under the CSRA, but was specifically excluded from the judicial review provisions of the Act. The Supreme Court held that the purpose of the CSRA was to provide "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of various categories of federal employees with the needs of sound and efficient administration," *Fausto*, 484 U.S. at 445, 108 S.Ct. at 672, and that therefore its provisions provide the only relief for those covered by the Act. Because NAFI employees are excluded from the coverage of the Act, however, other remedies for wrongful termination can be available to them under the APA. *See e.g. Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132 (5th Cir.1980) (holding, *inter alia* that a NAFI employee could bring an action for nonmonetary relief under 5 U.S.C. § 701 and 28 U.S.C. § 1331), *rev'd on other grounds* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982), *on remand* 686 F.2d 262 (1982). Based on this reasoning, allowing plaintiff leave to amend his jurisdictional statement with respect to his nonmonetary claims would not be futile, but would correct the jurisdictional deficiencies of his original complaint.

## CONCLUSION

For the reasons set out above, plaintiff's motion to amend is GRANTED with respect

1. The proposed amended complaint submitted along with plaintiff's motion raises the APA as grounds for subject matter jurisdiction over plaintiff's monetary claims and is therefore not consistent with this order.

2. The court notes in passing that in its "Memorandum Opposing Plaintiff's Motion to File an Amended Complaint and In Reply to Plaintiff's Opposition to its Motion to Dismiss the Com-

to his nonmonetary claims but is DENIED as futile for his claims for money damages. Plaintiff's original complaint is DISMISSED for lack of subject matter jurisdiction, and plaintiff is directed to file and serve an amended complaint consistent with this order [1] within 20 days of the date on which it is entered. The government shall then have 20 days to respond.[2]

SO ORDERED.

plaint" defendant raised for the first time the assertions that defendant was given all of the process he was due and that he had not exhausted his administrative remedies. While these arguments may have some merit, they are more properly considered in the context of a motion for summary judgment, and the court will therefore not address them here.