Nancy K. **CARDOZO,** Plaintiff,

v.

Christopher **GRAHAM, et al.,** Defendants.

**Civ. A. No. 92–10492–JLT.**

United States District Court,
D. Massachusetts.

Feb. 15, 1994.

ADEA context and the instant case.

Hector E. Salitrero, Law Offices of Hector Salitrero, San Diego, CA, Sandra Bloomenthal, Waltham, MA, for plaintiff.

Gwendolyn R. Tyre, U.S. Attorney's Office, Boston, MA, for defendants.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff Nancy K. Cardozo brings this action against the United States Fish and Wild-

life Service ("FWS"), an agency of the Department of the Interior, and several agency employees, alleging that defendants violated 18 U.S.C. §§ 2511 and 2520 (Count I) by intercepting and recording her telephone conversation with a FWS agent. In addition, plaintiff alleges claims for the negligent and intentional infliction of emotional distress (Counts II and III), and for violations of 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (Counts IV and V), premised upon underlying violations of her privacy and Fourth Amendment rights.

Presently before the court is the United States' Notice of Substitution as to Counts II and III of the Amended Complaint, and the defendants' motion to dismiss.

## I.

### Background

In April 1986, plaintiff called defendant Christopher Graham, an FWS agent, seeking his advice regarding marital problems she was having with her husband, Peter Cardozo, Jr., another FWS agent. At the time, plaintiff told Graham that she suspected that her husband was having an affair and improperly charging the government for expenses associated with his liaisons. Graham instructed the plaintiff that he would return her call, and when he did call her, Graham recorded their confidential telephone conversation without plaintiff's consent. She charges that Graham later used the tape of the conversation to discredit her husband and obtain a promotion for which her husband was also a candidate.[1]

Plaintiff alleges that the interception and recording of her conversation violated her federal constitutional and statutory rights and caused her severe emotional distress.

She has asserted claims against defendant Graham, his supervisors—defendants Paul Gladdys[2] and James V. Sheridan,[3] and FWS seeking damages in excess of $50,000, punitive damages, and attorney's fees.

## II.

### Notice of Substitution

The United States has filed notice that it is replacing the federal officers as the proper party defendant with respect to Counts II and III. As grounds for this substitution, the United States cites the Federal Tort Claims Act ("FTCA"), which provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, ... the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

Former U.S. Attorney A. John Pappalardo certified that the defendant FWS agents were acting within the scope of their employment during the events in question.[4] The court notes, however, that this certification is not binding on the court for purposes of substitution. In the First Circuit, a district court must "exercise its customary adjudicative jurisdiction over scope of employment disputes that ... call into question its subject matter jurisdiction and the parties' substantive rights." *Nasuti v. Scannell,* 906 F.2d 802, 812 (1st Cir.1990).

To determine the scope of employment, the court turns to the law of the state in which defendants' alleged acts or omissions occurred. *Kelly v. United States,* 924 F.2d 355, 357 (1st Cir.1991) (*citing Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100,

---

1. The Office of Inspector General ultimately found that Mr. Cardozo had violated 18 U.S.C. § 287 (criminalizing false claims), 18 U.S.C. § 1001 (criminalizing false statements and documents), and U.S.C. § 1341 (criminalizing frauds and swindles). Those violations were reported to the U.S. Attorney's Office, which decided not to prosecute.

2. Defendant Gladdys was present when defendant Graham taped his conversation with plaintiff.

3. Plaintiff asserts that Gladdys, a Massachusetts resident, and Sheridan, an Alaska resident, had an affirmative obligation to stop defendant Graham's allegedly tortious behavior.

4. Pursuant to 28 C.F.R. § 15.3, United States Attorneys may make the certification permitted under 28 U.S.C. § 2679(d).

100 L.Ed. 761 (1955) (per curiam)). Because Graham received and recorded plaintiff's telephone call in his New Hampshire office, the court looks to New Hampshire law to assess whether he acted within the scope of his employment. Defendants Gladdys and Sheridan, however, were stationed in Massachusetts, so the court will apply Massachusetts law to their actions.

■ Under the law of both Massachusetts and New Hampshire, the court considers essentially the same factors to determine whether an individual acted within the scope of employment. *Compare Wang Laboratories, Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 501 N.E.2d 1163, 1166 (1986) *with Daigle v. City of Portsmouth*, 129 N.H. 561, 534 A.2d 689, 699–700 (1987) (citing Restatement (Second) of Agency § 228 (1958)). Both Massachusetts and New Hampshire law provide that an employee acts within the scope of his or her employment if the conduct at issue is conduct generally performed in the position, if the conduct substantially occurs within authorized time and space limits, and if the conduct is motivated, at least in part, by a purpose to serve the employer. *Wang Laboratories*, 501 N.E.2d at 1166; *Daigle*, 534 A.2d at 699–701.

■ In the Amended Complaint, plaintiff appears to assert that Graham[5] was improperly motivated when he taped the telephone conversation with her. She suggests that he ultimately used the recording to block Mr. Cardozo's promotion to the position that Graham eventually received. Compl. ¶ 14. Plaintiff also claims that Graham lacked the authority to tape the conversation with her or to conduct an investigation into her allegations about her husband. Amended Compl. ¶ 12. Plaintiff further claims that as a result of Graham's improper investigation of her husband, a letter of reprimand was placed in Graham's personnel file,[6] and he was ordered to destroy any tapes of their conversation. *Id.*

But while it is possible that Graham acted, in part, out of self-interest, New Hampshire law requires that behavior within the scope of employment be motivated only "in part by an object to serve the employer." *Daigle*, 534 A.2d at 699 (citing the Restatement (Second) of Agency (1958)).[7] Here, Graham's actions were authorized by an internal law enforcement manual, that allows FWS agents to conduct investigations into alleged statutory violations.[8] In addition, Graham acted with his supervisor, defendant Gladdys present, and the tape of the conversation was later used to aid the agency's investigation into Mr. Cardozo's allegedly criminal activities.

■ As a result, this court concludes that Graham acted within his legal authority, and at least in part to further the government's interest. His conduct, therefore, fell within the scope of his employment.[9]

Because the court has found that all three defendants were acting within the scope of their employment, the United States' Notice of Substitution will be allowed.

## III.

### *Motion to Dismiss*

A. *Count I*

■ Defendants have moved to dismiss Count I on the ground that 18 U.S.C. § 2511

---

5. Plaintiff does not specifically allege why defendants Gladdys or Sheridan were not acting within the scope of their employment.

6. *See* Pl.'s Mem.Opp.Mot. Dismiss, Ex. F at 2.

7. The Restatement also provides that the fact that the predominant motive of an agent is to benefit himself or herself does not prevent the act from coming within the scope of employment as long as the act is otherwise within the agent's authority. Restatement (Second) of Agency § 236, comment b (1958).

8. The Law Enforcement Manual, § 1 LE 1.6, provides in relevant part:

> Special Agents of the Fish and Wildlife Service are not authorized to investigate matters of alleged official or nonofficial misconduct involving another Service employee *unless the alleged misconduct or irregularity specifically involves a violation of a Federal or State statute or regulation.*
> *Id.* (emphasis added).

9. Even assuming, as plaintiff argues, that Graham violated internal regulations by taping the conversation, under New Hampshire law, "the criminal or tortious character of an employee's act does not, ipso facto, remove the act from the scope of employment." *Daigle*, 534 A.2d at 700 (citing the Restatement (Second) of Agency at § 231).

specifically authorizes single consent recordings. 18 U.S.C. § 2511 provides, in relevant part, that:

> [i]t shall *not* be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication ...

18 U.S.C. § 2511(2)(c) (emphasis added). Defendants consequently argue that defendant Graham was authorized to record the conversation as a party to the conversation[10] and as a law enforcement officer.[11]

Plaintiff responds by insisting that "there are specific rules and regulations pertaining to single consent recordings and policies which [the defendants] did not comply with." But plaintiff does not specify which rules and regulations were violated by the defendants nor how the regulatory violations are relevant to her cause of action under 18 U.S.C. § 2520. As a result, this claim will be dismissed.

### B. Counts II and III.

■ Although the United States is immune from suits in tort, Congress opted to waive the federal government's sovereign immunity for suits brought under the FTCA. *Rayonier, Inc. v. United States*, 352 U.S. 315, 319, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1956). But a litigant's access to the federal courts may be denied if the procedural requirements of the FTCA are not closely followed. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam).

■ Under the FTCA, all tort claims must first be "presented in writing to the appropriate federal agency within two years ..." 28 U.S.C. § 2401(b). A claim is deemed to have been presented to the federal agency when the claimant submits an executed Standard Form 95 or other written notification that is accompanied by a claim for damages for the injury and is signed by an individual with legal authority to present the claim on the claimant's behalf. 28 C.F.R. § 14.2(a) (1993).

Defendants move to dismiss Counts II and III of the Amended Complaint because plaintiff failed to exhaust her administrative remedies prior to filing a claim in this court. They, therefore, argue that this court lacks jurisdiction over plaintiff's claims for intentional and negligent infliction of emotional distress. *Cf. Rosario v. American Export–Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir.), *cert.denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976).

Plaintiff responds that she did exhaust her administrative remedies when her attorney wrote a letter to the director of FWS on December 20, 1990. Pl.'s Mem.Opp.Mot. Dismiss, Exhibit E. In the letter, plaintiff's counsel alleges that the taping of the April 1986 conversation violated 18 U.S.C. § 2510, and the subsequent investigation "was devastating" to Mr. Cardozo. But there is no mention of any emotional distress caused plaintiff, nor is there any suggestion that plaintiff intended to pursue tort claims for intentional and negligent infliction of emotional distress.[12] Rather, the only reference to plaintiff's alleged injuries appears near the end of the letter, when then-counsel advised that "Mr. and Mrs. Cardozo have retained counsel for the purpose of rectifying the harm that the illegal activities have caused them. Their legal and constitutional rights have been violated and the parties violating these rights should answer for their activities." *Id.*

■ Upon review of that letter, the court finds that it did not constitute the presentment of a claim within the meaning of the FTCA and applicable regulations. As a result, the plaintiff failed to exhaust her administrative remedies prior to filing her claims in federal court. This court, therefore, lacks

---

10. *See Griggs–Ryan v. Smith*, 904 F.2d 112, 116–17 (1st Cir.1990) (*applying* 18 U.S.C. § 2511(2)(d)).

11. *See* The Law Enforcement Manual, § 1 LE 1.6.

12. The court also notes that nowhere in the letter did plaintiff present a claim for damages, pursuant to 28 C.F.R. § 14.2(a) (1993).

jurisdiction over plaintiff's claims, and her claims must be dismissed.[13]

### C. Count IV

Plaintiff also asserts a claim under 42 U.S.C. § 1983, alleging that defendants acted "under color of law" to violate her constitutional right to privacy. As defendants correctly observe, however, 42 U.S.C. § 1983 does not confer jurisdiction over federal defendants. Rather, as the First Circuit has clearly noted, the language of 42 U.S.C. § 1983 "applies to persons acting 'under color of *state* law' and not to persons acting pursuant to federal law." *Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir.1986).[14] Because plaintiff's claim under 42 U.S.C. § 1983 exceeds the scope of the statute, this claim must be dismissed.

### D. Count V

In Count V, plaintiff alleges that by "illegally" intercepting the telephone conversation and failing to correct the behavior after the conversation, the defendants violated her Fourth Amendment rights. Amended Compl. ¶ 37. Defendants moved to dismiss Count V arguing that plaintiff has failed to state a proper claim.

The court finds that plaintiff has not shown that there was an unreasonable search or seizure in this case. Individuals do not have a legitimate, constitutionally protected expectation that a person to whom they speak will not relate the conversation—directly or through a record—to the legal authorities. *United States v. Haimowitz*, 725

F.2d 1561, 1582 (11th Cir.1984), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984). In addition, as the court noted above, 18 U.S.C. § 2511(2)(c) specifically permits the recording of conversations when one party to the conversation has previously consented to the recording. As a result, defendants' actions cannot be held to violate the constitution.

Although plaintiff also alleges that defendants' conduct violated various agency regulations, the court has already noted that violations of agency rules and regulations do not, in turn, violate the constitution unless the rules and regulations were constitutionally required.[15] In the absence of any assertion that the regulations violated in this case were constitutionally required, the defendants' motion to dismiss this claim must be allowed.

### IV.

### *Conclusion*

For the foregoing reasons, the United States notice of substitution will be allowed and defendants' motion to dismiss will be allowed.

An order will issue.

---

**13.** Even if the December 20, 1990 letter did constitute a presentment of claim, plaintiff was required to file suit within two years of the allegedly improper activity or within six months of the "final denial" of the claim by the agency. 28 U.S.C. § 2401(b). In this case, however, plaintiff's original complaint was not filed with the United States District Court for the Southern District of California until October 16, 1991, over five years after the original incidents took place and over nine months after the agency's response letter of January 31, 1991, in which the FWS director noted that the agency viewed the April 1986 matter as "closed." See Pl.'s Mem. Opp.Mot. Dismiss, Exhibit F. As a result, plaintiff's claims would also appear to be time barred.

**14.** Plaintiff also appears to base her 42 U.S.C. § 1983 claim upon the defendants' failure to

comply with unspecified agency rules and regulations. *See* Amended Compl. ¶¶ 12, 19–23, 34.

The First Circuit has clearly held that "the violation of a regulation which the Constitution does not require an agency to adopt does 'not raise constitutional questions.'" *Gonsalves v. Internal Revenue Service, et. al.,* 1993 WL 48808 at *3, 1993 U.S.App. LEXIS 5842 at *5 (1st Cir. Feb. 26, 1993) (*citing United States v. Caceres,* 440 U.S. 741, 752, 99 S.Ct. 1465, 1471, 59 L.Ed.2d 733 (1979)). Because the plaintiff has not alleged that the defendants violated constitutionally-required rules and regulations, plaintiff's § 1983 claim must be dismissed.

**15.** *See supra* note 14.