900 F.2d 41
 William Ernest PLYLER; Debra K. Plyler, Individually and as
Guardians for Sallie Anne Plyler, a minor,
Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant,
and
Allen Jones, M.D.; David Keely, M.D.; Lewisville Family
Care Center; the Chester County Hospital, Defendants.
 No. 89-3202.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 1, 1989.
Decided April 11, 1990.
 
 Mark William Pennak, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.
 Thomas DeWitt Rogers III, Ness, Motley, Loadholt, Richardson & Poole, Charleston, S.C., for plaintiffs-appellees.
 John R. Bolton, Asst. Atty. Gen., John F. Cordes, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief, for defendant-appellant.
 J.B. Ness, Ness, Motley, Loadholt, Richardson & Poole, Charleston, S.C., on brief, for plaintiffs-appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and WARD, Senior District Judge for the Middle District of North Carolina, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 The United States appeals from a judgment of the district court awarded to William E. Plyler and Debra K. Plyler resulting from the alleged medical malpractice of Allen Jones and David Keely, who were at the time physicians and employees of the United States Public Health Service. The government argues that the district court lacked jurisdiction over the Plylers' claim because they had not exhausted their administrative remedies, that the district court erred in holding there was proximate cause between the injury to the Plylers' daughter and negligence of the physicians, in awarding damages in excess of the amount set forth in the Plylers' administrative claim, and computing damages. We are of opinion that the district court lacked jurisdiction as a result of the Plylers' failure to exhaust administrative remedies. We vacate the judgment of the district court and remand to that court for dismissal without prejudice.
 
 
 2
 The Plylers originally filed this suit in a South Carolina state court on June 8, 1983, against the two physicians and other medical providers. After the suit was filed, the Plylers acknowledge that they were "contacted" by the United States Attorney and informed that the physicians were federal employees. The Plylers filed an administrative claim dated June 24, 1983, which was apparently received in the claims office of the agency on June 28, 1983. On July 5, 1983, the United States removed the action to the district court on the ground that the physicians were federal employees. On October 7, 1983, the United States moved to dismiss the action for lack of jurisdiction based on the Plylers' failure to exhaust their administrative remedies and because of a bar by the statute of limitations. In a January 20, 1984 order, the district court denied the motion. It discussed the question of the statute of limitations but did not discuss the failure to exhaust administrative remedies. The action proceeded to trial, at the conclusion of which the district court entered its judgment for the Plylers.
 
 
 3
 The United States argues that the district court had no jurisdiction over the Plylers' claim as a result of 28 U.S.C. Sec. 2675(a). 28 U.S.C. Sec. 2675(a), in relevant part, states that:
 
 
 4
 [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
 
 
 5
 The United States argues that when the case was removed to federal court that six months had not elapsed since the administrative claim was filed, nor had the claim been denied by the agency, so the district court was required at that point to dismiss for lack of jurisdiction. We agree. We stated in Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986), that the requirement of the filing of a claim by 28 U.S.C. Sec. 2675(a) was "jurisdictional and may not be waived." Of like effect is Kielwien v. United States, 540 F.2d 676 (4th Cir.1976). The justification for the strict enforcement of such statutes waiving sovereign immunity is found in Kielwien, 540 F.2d at 679, and is because the right to sue the government exists only by virtue of Sec. 2675, which fixes the terms and conditions on which suit may be instituted. See also Gregory, infra, 634 F.2d at 205.
 
 
 6
 Nor are we dissuaded by the fact that the district court held the action in abeyance until the six months had elapsed. Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired. Gregory v. Mitchell, 634 F.2d 199 (5th Cir.1981).
 
 
 7
 The judgment of the district court is accordingly vacated and the case is remanded for dismissal, without prejudice, for lack of jurisdiction.*
 
 
 8
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The United States concedes that since there has been no administrative action, the Plylers can refile this suit, six months having now elapsed. Brief of United States at p. 12 n. 2. There being no jurisdiction, we may not address the remaining issues raised in this appeal. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)