Juan **LACEN–REMIGIO**, Plaintiff,

v.

**UNITED STATES of America,
et al., Defendants.**

Civ. No. 91–1738 (JAF).

United States District Court,
D. Puerto Rico.

March 24, 1992.

Silvia Carreño–Coll, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Juan Lacen–Remigio, commenced this action alleging negligence in the administration of loan agreements on the part of the Veterans Administration ("VA") and of various federal officials. Specifically, plaintiff claims that defendants mistakenly sought payment from him of monies owed on a VA loan granted to a different person. He seeks compensatory and punitive damages. Plaintiff alleges jurisdiction based on, *inter alia,* the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and its jurisdictional corollary, 28 U.S.C. § 1346(b). He also seeks remedies based on 42 U.S.C. § 1983.

Before the court is the government's motion seeking either dismissal of the action or a grant of summary judgment. (Docket Document No. 4). Because we find that this court lacks subject matter jurisdiction, we grant the government's summary judgment motion and dismiss the action.[1]

I.

*Factual and Procedural Background*

The factual allegations are drawn from plaintiff's complaint, supplemented by facts and documentary evidence presented by the government in their dispositive motion. The facts necessary for our resolution of this case are not in dispute.

Plaintiff's problems began in April 1988, when he received a letter from the VA informing him that $5,534 were outstanding on a VA loan. Lacen–Remigio, a VA employee, immediately informed the VA authorities that he had no loans guaranteed by their office. On May 2, 1988, he went to the VA's Loan Guarantee Office in Hato Rey, Puerto Rico, and informed Juan Arnaldi, a VA official, that his claim number was *28 581 234* and not *28 351 434,* the

Ramón García, San Juan, P.R., for plaintiff.

---

**1.** Because we rely on documentary evidence outside the pleadings, we rule pursuant to Fed. R.Civ.P. 56.

number appearing on the loan for which he was allegedly in arrears.

He received a further written notice in October 1988 that the above-mentioned amount was still owed and, on December 7, 1988, he received a telephone call from Josephine Vargas informing him that the amount owed, with interest, had increased to $6,650.76. He again insisted that he owed no monies.

After this, he himself investigated the source of the loan in question and found that the loan was made in relation to a house in Bayamón, Puerto Rico, owned by Thomas Adorno Castro. Plaintiff sent the fruits of his investigation by certified mail to Richard M. Troje, the Chief of Centralized Accounts, Receivable Division of the VA.

Despite the proof sent to the VA loan office officials, the agency continued to seek payment of the amount allegedly in arrears. He claims that on May 30, 1989, he was summoned to the VA office in San Juan, Puerto Rico, ordered to sign an *Agreement of Indebtedness*, and threatened with employment dismissal if he failed to sign the agreement. This agreement authorized the agency to deduct $38.74 from his monthly paycheck. He continued to have this sum of money deducted monthly up to and including March 1990. As of the date the complaint was filed, June 10, 1991, these monies had not been reimbursed.[2]

Plaintiff first sought redress by filing a civil action, Civil No. 90–1079(GG), in federal district court on January 17, 1990. On April 20, 1990, plaintiff filed a Fed.R.Civ.P. 41(a)(1) notice of dismissal and the court entered judgment dismissing the action on April 24, 1990.

Two days later, on April 26, 1990, plaintiff filed an administrative claim with the Department of Veterans Affairs based on the facts outlined above. This claim was denied on October 24, 1990.

On October 9, 1990, prior to the VA rendering a decision with respect to his administrative claim, plaintiff commenced a second federal district court action, Civil No. 90–2329(CC). This second action was also dismissed without prejudice for failure of service of process under Fed.R.Civ.P. 4(j) and judgment was entered on March 7, 1991.

The present action, commenced on June 10, 1991, represents plaintiff's third attempt to have a federal judicial forum address his claim. Unfortunately for plaintiff, because this action, like the first two, has not been timely commenced, this court has no subject matter jurisdiction to hear plaintiff's claim.

## II.

### *Discussion*

### A. Section 1983 Claim

In his opposition, plaintiff first argues that nothing in the FTCA prohibits also raising claims against individual federal employees pursuant to 42 U.S.C. § 1983, absent some other basis for finding the individual defendants immune from suit. Plaintiff cites the case *Rykers v. Alford*,[3] 832 F.2d 895 (5th Cir.1987), as support for the proposition that claims based on both the FTCA and section 1983 can be joined in the same action. We disagree.

First of all, we note that section 1983 provides a remedy for redress of the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]" by a person who is acting "under color of any statute, ordinance, regulation, custom, or usage of any *State or Territory or the District of Columbia.*" 42 U.S.C. § 1983 (emphasis added). Here, there are no allegations detailing the violation of a *federal* constitutional or statutory right, privilege or immu-

---

2. Although plaintiff has not so alleged in his complaint, we assume that the VA did commit a mix-up as to the loan indebtedness. In any case, this fact is not material for our disposition of this case.

3. In plaintiff's memorandum of law, he cites the case as *Houston v. U.S. Postal Service*. Since the *Rykers* case deals with the same issues as those before us, we assume that the case name was miscited.

nity. Also, all of the individual defendants named in the suit are *federal*—not state—employees who were acting under the color of *federal* law. Section 1983 does not apply to federal officials acting pursuant to federal law. *Cervoni v. Secretary of Health Education & Welfare,* 581 F.2d 1010, 1019 (1st Cir.1978). As such, plaintiff's claim is beyond the scope of section 1983, and plaintiff has failed to state a claim upon which relief can be granted. *Chatman v. Hernández,* 805 F.2d 453, 455 (1st Cir.1986).

■ Even if we were to consider plaintiff's claim as stating a cause of action for damages pursuant to the holding of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), his claim must fail. *See also Davis v. Passman,* 442 U.S. 228, 234, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979); *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978) ("[T]he decision in *Bivens* established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official."). As stated above, plaintiff has alleged no injury based on a *constitutional* violation. It is clear that the basis for plaintiff's claim—negligent acts by VA employees in servicing loan agreements—sounds in common law tort. Without an alleged constitutional violation, there can be no *Bivens*-type action.

■ Finally, we think that the language of 28 U.S.C. § 2679(b)(1) forecloses any doubt that Congress intended the FTCA to provide the exclusive remedy for claims such as plaintiff's. Section 2679(b) provides in relevant part:

(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is ex-

clusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government—

(A) which is brought for a violation of the Constitution of the United States, or

(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

28 U.S.C.A. § 2679(b) (West 1965 and 1991 Supp.). Since we have already excluded a possible constitutional violation and plaintiff has alleged no statutory violation, section 2679(b)(1) makes it clear that the FTCA represents plaintiff's exclusive remedy for damages for tort claims against the United States, its agencies or officials acting in their official capacities. *Eveland v. Director of C.I.A.,* 843 F.2d 46, 49–50 (1st Cir.1988).

Plaintiff's reliance on *Rykers v. Alford, supra,* does not require a contrary result. In *Rykers,* the court noted that plaintiff's claims were brought under section 1983 and *Bivens.* 832 F.2d at 897. The Fifth Circuit affirmed the dismissal of the action: (1) against the United States for failure to demonstrate that the administrative filing requirements of the FTCA had been met; (2) against the federal prosecutors based on the doctrine of absolute immunity; and (3) against the FBI agents for failure to state a claim where they were acting pursuant to a facially-valid warrant. *Id.* at 897–98. The section 1983 claims were raised against *local* law enforcement personnel, while plaintiffs alleged *Bivens*-type actions against the federal officers.

We, therefore, dismiss plaintiff's section 1983 claim.

### B. FTCA Claim

The government moves for dismissal of the FTCA claim based on plaintiff's failure to file this suit within six months of the

denial of the claim by the VA. *See* 28 U.S.C. § 2401(b).[4] Citing section 2401(b) and 28 U.S.C. § 2675(a),[5] the United States argues that, even though the present action is the third federal court action commenced, the court's subject matter jurisdiction has never attached. Because the court never had jurisdiction over the prior actions, the present action had to be commenced in a timely fashion for this court to obtain jurisdiction. Since it was filed more than six months after the claim was denied by the VA, this action is time-barred.

Plaintiff counters by arguing that the filing of the second action in October 1990 (Civil No. 90–2329(CC)) tolled the running of the statute of limitations period until March 1991, when the action was dismissed without prejudice, so that plaintiff's June 1991 commencement of the present action fell within the six-month period mandated by section 2401(b). Again, after reviewing the statutory framework and the decisional law involving the FTCA, we disagree with plaintiff and find that plaintiff's FTCA claim is time-barred.

 The FTCA affords a plaintiff two years from the date a claim accrues to file a written claim with the federal agency which, in turn, preserves the right to file a tort action against the United States in federal court. 28 U.S.C. § 2401(b). Any FTCA action brought against the United States must be dismissed where the plaintiff has failed to file a timely administrative claim with the federal agency. *United States v. Kubrick*, 444 U.S. 111, 113, 100 S.Ct. 352, 355, 62 L.Ed.2d 259 (1979); *At-*

*tallah v. United States of America*, 955 F.2d 776, 779 (1st Cir.1992); *Corte–Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991); *González–Bernal v. United States*, 907 F.2d 246, 248 (1st Cir.1990); *Richman v. United States*, 709 F.2d 122, 123 (1st Cir.1983). Should the administrative claim be denied, an action must be filed within six months following denial. 28 U.S.C. § 2401(b); however, "[t]he failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). In *Kubrick*, the Supreme Court opined that, because the FTCA represents a waiver of the government's sovereign immunity, the statute of limitations should not be construed "so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims;" nor should courts take it upon themselves "to extend the waiver beyond that which Congress intended." 444 U.S. at 117–18, 100 S.Ct. at 356–57.

 Here, the action accrued in April 1988 and plaintiff filed his administrative claim on April 26, 1990, presumably within the two-year period.[6] Plaintiff's claim was denied on October 24, 1990. This action was filed June 10, 1991. It is clear that more than six months have passed between the denial of the administrative claim and the commencement of this action and, according to the plain language of § 2401(b),

---

**4.** Section 2401(b) of Title 28 provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

**5.** Section 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of

the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been *finally* denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is first filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

**6.** The government does not challenge the timeliness of the filing of the administrative claim based on the two-year period of section 2401(b) and so we assume it was timely filed.

the action is forever barred. *González–Bernal,* 907 F.2d at 249.

Notwithstanding these facts, plaintiff argues that the six-month period was tolled from October 9, 1990, the date the second federal court action was commenced, to March 7, 1991, the date that Judge Cerezo entered a judgment dismissing the action. Plaintiff cites no relevant statutory or decisional law for his position. Our own review finds the contrary position to be the case.

 First of all, it is clear that when plaintiff filed his second action, the six-month period contemplated by section 2675(a) had not expired. In that sense, the commencement of plaintiff's second civil action was premature. Courts that have ruled on this issue have found that actions filed prematurely—within the six-month period contemplated for agency response to the administrative claim—confer no subject matter jurisdiction on the district court to hear plaintiff's claim. *Plyler v. United States,* 900 F.2d 41, 42 (4th Cir.1990); *Wilson v. Westinghouse Electric Corporation,* 838 F.2d 286, 290 n. 1 (8th Cir.1988); *Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir.1984); *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981); *Dorman v. Thornburgh,* 740 F.Supp. 875 (D.D.C. 1990). Nor do we think that the district court could have simply held the action in abeyance until the six-month period had expired, since it never acquired jurisdiction over the action. *Plyler,* 900 F.2d at 42; *Gregory,* F.2d at 205. Therefore, while Judge Cerezo dismissed Civil No. 90–2329 for failure of service of process, we think that sections 2401(b) and 2675(a) had deprived the court of subject matter jurisdiction.

Also, even if the court did have subject matter jurisdiction in the prior action (a finding we do not make), we still find no basis for finding that its pendency tolled the six-month period for commencing a civil action. In *Hilton International Co. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico,* 833 F.2d 10, 11 (1st Cir.1987), the First Circuit ruled that where a court dismisses an action "for

punitive or other reasons, even though labelled 'without prejudice,' [the] dismissal is, in fact, with prejudice if the statute of limitations has run." The court, in *Hilton International Co.,* rejected plaintiff's contention that since defendant had due notice of its intention to sue from the timely filed action, the statute was forever tolled. *Id.* at 10–11.

Here, the second action was dismissed for failure to serve process within 120 days pursuant to Fed.R.Civ.P. 4(j). To the extent that this dismissal was for "other reasons,"—failure of service of process—it serves to bar tolling of the six-month period. Since this action was commenced well after the six-month period of section 2401(b) had run, this action is forever barred.

### III.

#### *Conclusion*

For the reasons stated above, we GRANT defendant's motion for summary judgment. The complaint is DISMISSED.

IT IS SO ORDERED.