**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEVIN TAYLOR,
Plaintiff-Appellant,

v.

LIEUTENANT BRIGHT; OFFICER LILLY;

No. 00-6676

OFFICER CLARK; OFFICER HUDSON;
OFFICER BROGGS; OFFICER MURPHY,
Associated Warden, individually
and in their official capacities,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-00-701-AW)

Submitted: July 20, 2000

Decided: August 14, 2000

Before WILLIAMS, WILKINS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin Taylor, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Taylor appeals from the district court's order dismissing his Bivens[1] claim with prejudice and dismissing without prejudice his Federal Tort Claims Act ("FTCA") claim, 28 U.S.C.A. § 1346(b) (West Supp. 2000). The district court concluded that Taylor had an adequate post-deprivation remedy such that a Bivens action would not lie, and that he failed to exhaust his administrative remedies and therefore the court lacked jurisdiction over the FTCA claim. Because we find that Taylor sufficiently alleged exhaustion of administrative remedies and that it is not clear that Bivens relief is not available, we vacate and remand for further proceedings.

Taylor, a federal inmate, alleged that correctional officers refused to return to him his gold chain and a pair of tennis shoes. In his complaint, he alleged that the property was lost, stolen, or destroyed. He sought compensatory and punitive damages and "any relief deemed appropriate."

In dismissing the FTCA claim, the district court determined that it lacked jurisdiction over the claim because Taylor failed to submit documentary proof that he exhausted his administrative remedies. In his complaint, Taylor alleged, under penalty of perjury, that he presented his tort claim to the Mid-Atlantic Regional Office of the Bureau of Prisons on February 9, 1999. He further alleged that as of the date of the complaint, March 1, 2000, he had received no response.

While exhaustion of administrative remedies is a jurisdictional prerequisite to the district court's jurisdiction, see Plyler v. United States,

_____

[1] **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971).

2

900 F.2d 41, 42 (4th Cir. 1990), the exhaustion requirement is met if the claimant has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (1994). Notably, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Id. Because Taylor's complaint alleged that he filed his tort claim in February 1999, and received no response as of March 2000, we conclude that Taylor had sufficiently demonstrated exhaustion of administrative remedies. The district court's dismissal of the FTCA claim, therefore, was improper.

The negligent deprivation of property through the acts of a state or federal employee does not constitute a deprivation of due process. See Daniels v. Williams, 474 U.S. 327, 333-34 (1986). In addition, even the intentional deprivation of property through the random and unauthorized acts of a state or federal employee does not constitute a deprivation of due process, if "a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer , 468 U.S. 517, 533 (1984). The district court summarily determined that Taylor had an adequate post-deprivation remedy and therefore dismissed Taylor's Bivens claim. Taylor might have an adequate post-deprivation remedy under the FTCA if it is his contention that Defendants acted outside their authority in stealing his property. See CHoPP Computer Corp. v. United States, 5 F.3d 1344, 1347 (9th Cir. 1993) (holding that claim for conversion was not beyond scope of FTCA); see also Baltimore & Ohio R.R. v. Equitable Bank, N.A., 550 A.2d 407, 410 (Md. Ct. Spec. App. 1988) (articulating elements of conversion under Maryland law).

We have previously indicated, however, that the availability of relief under the FTCA does not automatically foreclose a Bivens action. See Dunbar Corp. v. Lindsey, 905 F.2d 754, 762 (4th Cir. 1990) (relying upon Carlson v. Green, 446 U.S. 14, 19-23 (1980)). Under the FTCA, Taylor could only recover monetary damages. To the extent that Taylor's complaint could be read as a request for injunctive relief in the form of the return of his property, the FTCA would not be an adequate remedy. Moreover, Taylor sought punitive damages, which are available in a Bivens action, but are not available

3

under the FTCA. We find that the district court's conclusion as to the adequacy of Taylor's post-deprivation remedies was premature.

Finally, we note that the in forma pauperis statute requires that a prisoner who brings a civil action or an appeal must pay the full filing fee. <u>See</u> 28 U.S.C.A. § 1915(b)(1) (West 2000). Therefore, the district court's decision to "not require [Taylor] to provide the fee or indigency application" was incorrect. On remand, the district court should resolve the fee issue prior to consideration of the merits of Taylor's claims.**2** <u>See United States v. Jones</u>, ___ F.3d ___, 2000 WL 709090 (4th Cir. May 31, 2000) (NO. 99-6398).

In conclusion, we vacate the district court's order and remand to the district court for resolution of the fee issue, for further proceedings on the FTCA claim, and for a determination of whether Taylor alleged an intentional deprivation of his property, and if so, whether, in fact, Taylor had an adequate post-deprivation remedy such that a <u>Bivens</u> action would not lie. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
_____
**2** Taylor filed an application to proceed in forma pauperis after the district court's order was entered. The district court denied this motion as moot. In light of our disposition of this appeal, the motion is reinstated.

4