**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1579**

XITENG LIU,

             Plaintiff - Appellant,

      v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Texas
Service Center,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:06-cv-03255-CMC)

Submitted:  February 4, 2009      Decided:  March 16, 2009

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Widener, MCNAIR LAW FIRM, P.A., Columbia, South
Carolina, for Appellant.   W. Walter Wilkins, United States
Attorney, Marvin J. Caughman, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiteng Liu appeals a district court order adopting the magistrate judge's report and recommendation and granting the United States Citizenship and Immigration Services' ("USCIS") motion to dismiss his complaint seeking an order directing the USCIS to grant him authorization for optional practical training ("OPT"), see 8 C.F.R. § 214.2(f)(10)(ii) (2006), for a certain period of time and to award him monetary damages for mental relief, living expenses and medical expenses. The district court adopted the magistrate judge's report and recommendation finding it did not have jurisdiction. Finding no reversible error, we affirm.

This court reviews de novo the district court order granting a motion to dismiss for failing to state a claim and for lack of jurisdiction. Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). We find Liu failed to state a claim insofar as he sought an order compelling the USCIS to extend his OPT. The decision from which Liu originally sought relief was essentially withdrawn by the USCIS when it granted Liu OPT. Thus, his claim was moot. The district court did not have the authority to compel the USCIS to modify the decision to grant OPT beyond what was authorized by regulation. See 5 U.S.C. § 706(1), (2) (2006).

The district court correctly found it did not have jurisdiction to consider Liu's claim for monetary damages. Under the Federal Tort Claims Act ("FTCA"), the United States may be liable for tort claims in the same manner and to the same extent as a private individual under the circumstances. See 28 U.S.C. § 2674 (2006). It is incumbent upon the claimant to exhaust his claim with the agency prior to bringing a suit in district court. 28 U.S.C. § 2675(a) (2006). Failure to exhaust administrative remedies must result in dismissal of the lawsuit for want of jurisdiction. Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990). A court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); see also Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) (futility argument rejected for FTCA claim).

Accordingly, we affirm the district court order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED