Sarah RICHMAN, Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 82–1919.

United States Court of Appeals,
First Circuit.

Argued May 2, 1983.

Decided June 10, 1983.

C. Donald Briggs, III, Boston, Mass., with whom Bernard A. Kansky, Boston, Mass. and Robert B. Rumrill, Boston, Mass., were on brief, for plaintiff, appellant.

Nancy Serventi, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, ALDRICH, Circuit Judge, and BONSAL,* District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

In this Federal Tort Claims action defendant filed a motion to dismiss, asserting seven grounds, four of which were accepted by the court, without opinion, with the following succinct order.

* Of the Southern District of New York, sitting by designation.

"Upon consideration of motion and supporting and opposing memoranda, motion allowed and ordered that the case be dismissed on grounds 1, 2, 3 and 6."

These grounds were, 1. The complaint fails to state a ground upon which relief may be granted. 2. Jurisdiction is lacking because plaintiff failed to file a timely administrative claim as required by law. 28 U.S.C. § 2675, 2401(b). 3. The claims are barred by the statute of limitations. 6. The complaint is barred by the earlier rulings of the district court in C.A. No. 81–0059–Mc.

It is perhaps difficult, simply by reading the complaint, to find sufficient basis for defenses 2 and 3, and, for that matter, 6. However, the "supporting and opposing memoranda" agree on the underlying facts. We shall, accordingly, treat the order of dismissal as a grant of summary judgment for the defendant. So considered, it was correct.

The facts are these. On January 11, 1979 plaintiff, a woman entirely unacquainted with one George Chalpin, while walking on a public sidewalk was assaulted and seriously injured by Chalpin, apparently in a fit of temper brought on by anger from learning that his wife intended to divorce him. In December, 1980, while attending Chalpin's criminal trial, plaintiff's counsel learned that he had been under treatment as an outpatient, and sometime inpatient, prior to the occurrence, at a Veterans Administration hospital for "nervous breakdown and emotional disturbances." On January 9, 1981, plaintiff sued the United States and the Veterans Administration, but without having previously filed the administrative claim required by 28 U.S.C. § 2675(a). That action was dismissed because of such failure. On September 28, 1981 plaintiff made the claim, appropriate except for the date, which, in due course, the Veterans Administration denied. This suit followed.

Although suit was brought within the specified six months of the administrative denial, it is manifest that the administrative filing was not made within the two years as required by 28 U.S.C. § 2401(b), viz., January, 1981. Plaintiff would excuse this on the ground that this is an action for malpractice, which she says does not accrue until the fact of malpractice is learned, and that she did file administratively within two years of acquiring knowledge of the claim in December, 1980.

■ Counsel's ingenuity doubtless deserves recognition, but it is misplaced. The delayed accrual of a patient's claim against his physician for malpractice is an exception to the general rule that, in the absence of fraudulent concealment, minority, or other special excuse, a statute of limitations begins to run from the date of the wrongful act. The present wrongful act, seemingly the failure to place Chalpin in physical confinement, occurred no later than January 11, 1979, and was not malpractice with reference to the plaintiff even if, for present purposes, it be assumed to be actionable negligence. The postponement of the running of the statute of limitations with respect to true malpractice, whether on the theory that part of the misconduct caused the delay in its discovery, or on some "humane" principle, is not applicable to plaintiff's claim. *See United States v. Kubrick,* 1979, 444 U.S. 111, 122–25, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259. Plaintiff was not a patient, and her difficulty is not, and is not comparable to, a malpractice injury; it is simply that she did not realize there was another party she might be able to make a claim against. Indeed, the Court held even in *United States v. Kubrick* that if the plaintiff knew of the injury, but failed to inquire and learn of the doctor's fault, the statute was not tolled. So here, plaintiff knew of her injury; there was no concealment that would toll the statutory period. *Davis v. United States,* 9 Cir., 1981, 642 F.2d 328, 331–32, *cert. denied,* 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459.

"The mere failure of a wrongdoer to disclose his wrongdoing, where no fiduciary relation exists, is not a fraudulent concealment of the cause of action . . . . " *Norwood Trust Co. v. Twenty-Four Fed. St. Corp.,* 1936, 295 Mass. 234, 237, 3 N.E.2d 826.

Thus, if a pedestrian were struck by a negligent driver, the statute would run in favor of his undisclosed employer, and the barkeeper who allowed him to drink too much, even if the pedestrian were ignorant of their existence. There would be no limit to when the government might be sued if a plaintiff could assert ignorance as an excuse for not pursuing her claim within the statutory period.

■ We may add that it is particularly inappropriate for this plaintiff to lament the expiration of the statutory period. If, upon learning of her possible claim, she had filed the statutorily required administrative papers instead of instituting this suit there would have been no problem. Her failure destroyed the court's jurisdiction to order a judgment against the government, and cannot be waived. *Employees Welfare Committee v. Daws,* 5 Cir., 1979, 599 F.2d 1375, 1378.

We need not reach defendant's other grounds.

*Affirmed.*