**Carmen Delia GONZALEZ–BERNAL, etc., et al., Plaintiffs, Appellants,**

v.

**UNITED STATES of America, et al., Defendants, Appellees.**

**No. 89–1894.**

United States Court of Appeals, First Circuit.

Heard April 6, 1990.

Decided July 3, 1990.

Gabriel Peñagarícano, with whom Juan T. Peñagarícano, Jr., Luis A. González and Santiago Gutiérrez Armstrong, were on brief for plaintiffs, appellants.

Osvaldo Carlo–Linares, Asst. U.S. Atty., with whom Daniel F. López–Romo, U.S. Atty., was on brief, for defendants, appellees.

Before BREYER, Chief Judge, TORRUELLA and CYR, Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from the United States District Court for the District of Puerto Rico's dismissal of an amended complaint against the United States and the United States Customs Service which appellants based on the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The ground for dismissal was that appellants' action is time barred. We agree with the district court and thus, affirm.

## I. FACTS

On September 10, 1982, Yamil Mitri–Lajam was last seen alive while being escorted by Jesús Rafael Domínguez, a Special Agent of the United States Customs Service, at Luis Muñoz Marín International Airport. Domínguez and another Special Agent, Daniel Joseph Maravilla, disappeared for several hours following Lajam's arrival. Lajam was carrying almost seven hundred thousand dollars in cash and checks. Ten days later Lajam's decomposed body was found at the bottom of a

gully near El Yunque rain forest. He had been shot in the back of the neck. The money was never found.

Appellants, Carmen Delia González–Bernal and her three minor children, filed a Standard Form 95 claim dated September 7, 1984, based on the allegedly wrongful death of her husband and their father, respectively. On October 17, 1984, the Customs Service denied the claim on the ground that it was time barred based on the two-year statute of limitations, 28 U.S.C. § 2401(b). This denial was sent by certified mail as required by the statute. The claim was received September 11, 1984.

On May 13, 1987, a federal grand jury returned an eight-count indictment against former Special Agents Domínguez and Maravilla. The indictment was the conclusion of a federal investigation into the death of Lajam.

Appellants, who had not pursued further action after the denial of their administrative claim, filed a second Standard Form 95 claim on June 8, 1987. The second claim was denied by the Customs Service on August 19, 1987, for the same reasons as before. This second form identified the tortfeasors as two agents of the United States Customs Service.

After a jury trial, Maravilla and Domínguez were convicted of murdering Lajam, along with other crimes. Appellants filed the instant action against the United States and the United States Customs Service on May 24, 1988, and amended their pleadings on September 9, 1988.

## II. DISCUSSION

### A. Standards of Review

Upon considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738,

96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969). We review under the same standard, *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66, 99 S.Ct. 383, 387, 58 L.Ed.2d 292 (1978), and thus our review is plenary.

■ It is well settled law, that an action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, ("the Act") must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency. *United States v. Kubrick*, 444 U.S. 111, 113, 100 S.Ct. 352, 355, 62 L.Ed.2d 259 (1979). *See Vega–Vélez v. United States*, 800 F.2d 288 (1st Cir.1986); *Richman v. United States*, 709 F.2d 122 (1st Cir.1983). The Act affords a plaintiff two years from the date a claim against the United States accrues, to file a written claim with the agency thereby preserving the right to file a tort suit against the United States. 28 U.S.C. § 2401(b).[1] In the event this claim is denied, a suit must be filed in federal court within six months following the denial. The filing of a timely administrative claim is a jurisdictional requirement that cannot be waived. *Richman*, 709 F.2d at 124. If the claimant fails to comply with this requirement, his claim is "forever barred." 28 U.S.C. § 2401(b).

### B. *Analysis*

Appellants alleged that appellees deliberately concealed material facts related to Lajam's death, and thus that the statute of limitations should not begin to run until they discovered, or by reasonable diligence should have discovered, the basis of the lawsuit. They argue that even in the exercise of due diligence they could not have discovered that Customs agents were the responsible parties within two years of Lajam's death, and that the statute should begin during the year of the indictment.

---

**1.** Title 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless

action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Furthermore, they contend that it is beyond human comprehension to argue that they had reason to even remotely suspect, or with due diligence could have discovered, that Government agents had caused Lajam's death. Appellants argue that it is ludicrous for them to have been expected to prosecute their claims two and a half years before the indictments were issued against Maravilla and Domínguez. We sympathize with appellants' situation, but unfortunately, precedent dictates that we rule otherwise.[2]

### 1. *Accrual*

■ The general rule, within the meaning of the Act, is that a tort claim accrues at the time of the plaintiff's injury. *Kubrick*, 444 U.S. at 120, 100 S.Ct. at 358; *Richman*, 709 F.2d at 123. Appellants' alleged cause of action arose on or about September 10, 1982, when Lajam was abducted. Although appellants did not know at first that two federal employees were directly responsible for Lajam's death, they always alleged in each administrative claim, as well as their claim with the district court, that the United States Government had caused their injuries. Whether or not the Customs Service was *correct* in denying the 1984 claim,[3] the Customs Service did deny it. Appellants then had six months to file their claim in court. They failed to do so. This failure to file a timely claim in federal court after the denial of their first administrative action bars their action forever. *Kubrick*, 444 U.S. at 121–25, 100 S.Ct. at 359–61.

■ The only remaining question is whether the appellants' 1987 claim is the same as their 1984 claim. Their second Form 95 claim filed on June 8, 1987 in effect reiterates the cause of action averred in their first claim. In their first Form 95 claim, appellants allege the following:

> Decedent Yamil A. Mitri Lajam was kidnapped or abducted from the premises belonging to and controlled by the U.S. Customs Service at [Luis Muñoz Marín International Airport] ... on September 10, 1982 while being processed by customs as a passenger arriving from a foreign country ... The abductors' identity is presently unknown. Decedent was killed by abductors. U.S. Customs Service was negligent in failing to insure decedent's safety while on said premises.

In their second Form 95 claim, they stated the following:

> Decedent Yamil A. Mitri Lajam was kidnapped from the premises belonging to and controlled by the U.S. Customs Service while being processed by Customs as a passenger ... Mr. Mitri Lajam was found dead ten days later. On May 13, 1987 two U.S. Customs agents were indicted in the 1982 kidnapping and murder of the decedent; the same two agents that were on duty at the decedent's arrival ... U.S. Customs Service is vicariously responsible for this occurrence as well as negligent in failing to insure decedent's safety while on said premises.

It cannot be said that these were different causes of action. As per 28 U.S.C. § 2401(b), a claimant has six months after the agency's final decision to institute a suit in court. This, appellants failed to do. Instead, they waited almost three years before filing a second Form 95 alleging that it was then that they had become aware of the identity of the tortfeasors as being federal employees, and thus that their claim was timely. We agree with the district court that the appellants' claim was

---

**2.** Although we do not render an opinion as to the possible results of such an action, we suggest that appellants consider filing a private bill with Congress in an attempt to receive compensation for their injury.

**3.** We realize the harshness of the Customs Service's application of such a bright line rule in denying plaintiffs' relief when they were only one day late in filing. Unfortunately, our recognition of this harshness does not ameliorate appellants' situation. After the agency's denial they did not pursue the matter in the courts, and thus they effectively extinguished their cause of action. "If plaintiff's administrative claim was insufficient through his own negligence he must suffer the consequences. If it was insufficient through the negligence of his attorney, he may look to his attorney for recovery." *Robinson v. United States Navy*, 342 F.Supp. 381, 383–84 (E.D.Pa.1972).

simply derivative, and that appellants' accrual theory is further vitiated when viewed in the context of the multiple filings of administrative claims.

### 2. *Deliberate Concealment*

■ Appellants contend that the federal government knew of facts that were essential to their cause of action, but concealed them and it was not until the indictments came forth that the information was revealed. A defendant's fraudulent concealment of critical facts necessary for a plaintiff to determine whether or not to sue may toll the running of an applicable statute of limitations in limited circumstances. *See Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). However, "before the accrual of a cause of action against the United States under the [Federal Tort Claims Act] may be deferred because of the plaintiff's inability to identify the party whose conduct triggered the injury, it must be shown that the United States itself played a wrongful role in concealing the culprit's identity." *Diminnie v. United States*, 728 F.2d 301, 305 (6th Cir.1984), *cert. denied*, 469 U.S. 842, 105 S.Ct. 146, 83 L.Ed.2d 85 (1984). Moreover, appellants "must plead with particularity the circumstances surrounding the concealment and state facts showing ... due diligence in trying to uncover the facts." *Rutledge v. Boston Woven Hose and Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978).

■ The case at bar is directly analogous to *Diminnie*. There the plaintiff filed suit under the Act after a Federal Bureau of Alcohol, Tobacco and Firearms (ATF) agent confessed to sending two anonymous extortion letters to the ATF that the plaintiff had been convicted of sending. As in the instant case, the plaintiff argued that his claim did not accrue until he became aware of the ATF agent's criminal conduct. The court upheld the dismissal of his suit against the United States because the plaintiff knew that the evidence was falsified, and thus the critical facts concerning his falsified evidence claim were in his possession no later than the final day of his criminal trial. This was so even though he did not know the identity of the person who actually wrote the extortion letters, or that the person was an ATF agent, until over two months later. Because the plaintiff was aware of these critical facts on the final day of the trial, his cause of action accrued at that time. Like in *Diminnie*, it was not necessary for the appellants to know the identities of Domínguez and Maravilla for their cause of action to accrue.

Furthermore the district court held that appellants alleged insufficient facts in connection with their fraudulent concealment claim and did not show that they conducted themselves with "due diligence in trying to uncover the facts." *Rutledge*, 576 F.2d at 250. In our review of the record, we find that the district court did not err in making this decision since the appellants' complaint lacks factual allegations and is conclusory. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 at 121–23; *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981).

■ Lastly, the government is under no obligation to provide private citizens with information concerning ongoing criminal investigations. Prior to an indictment, governmental authorities are under an obligation not to reveal the existence and nature of an investigation concerning individuals who are merely suspected of criminal activities. *See* Rule 6(e), Fed.R.Cr.P.; *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958). "Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action. Mere silence of the defendant and failure by the plaintiff to learn of the right of action, alone, are not sufficient.'" *Chrysler Workers Ass'n v. Chrysler Corp.*, 663 F.Supp. 1134, 1151 (N.D.Ohio 1986). The government is under no duty to announce its suspicions or internal investigations to the "world at large." *Dyneiwicz v. United States*, 742 F.2d 484, 487 (9th Cir.1984).

## III. CONCLUSION

Armed with the knowledge that Yamil Mitri–Lajam was last seen alive in premises

under the control of the United States Customs Service, and with the belief that said agency had been negligent in failing to insure his safety, Carmen Delia González–Bernal and her children filed a Form 95 claim on September 11, 1984. By doing so they triggered the jurisdictional requirements contained in 28 U.S.C. § 2401(b). Although the district court's decision seems harsh, it comports fully with the law and we hereby affirm.

*Affirmed.*