684

**Robert A. GAUDREAULT,
Pro Se, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 92–12497–MA.**

United States District Court,
D. Massachusetts.

Feb. 19, 1993.

Robert A. Gaudreault, pro se.

*MEMORANDUM AND ORDER*

MAZZONE, District Judge.

This matter is before me on the *pro se* plaintiff's motion for summary judgment and the defendant's motion to dismiss. The uncontroverted record reflects the following.

In 1987, the plaintiff brought a civil rights action in this court for injuries allegedly received while in police custody in Salem, Massachusetts in 1985. That case was dismissed. *Gaudreault v. Municipality of Salem*, 923 F.2d 203 (1st Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2266, 114 L.Ed.2d 718 (1991). The plaintiff was seen for the first time at the Boston Veterans Administration Medical Center on July 30, 1987. After extensive tests, the plaintiff was discharged on August 11, 1987 with a principal diagnosis of chronic meningitis and cerebrospinal fluid abnormality. The plaintiff's cerebrospinal fluid was monitored periodically until March, 1988 through lumbar punctures. He was last seen on September 19, 1989, when he refused further lumbar punctures.

The plaintiff filed a Claim of Damage, Injury or Death (Form 95) on September 24, 1991. That claim was denied on September 30, 1992. This complaint was filed on October 16, 1992. In his complaint, the plaintiff alleged the VA failed to properly diagnose and inform him of his alleged "brain lesion". He also alleged the medical records were fraudulently prepared, thereby affecting an independent law suit he brought against other individuals. The defendants argue this claim is barred by the two year statute of limitations set forth in 28 U.S.C. § 2401(b) within which an administrative claim must be filed with the appropriate federal agency.

■ On this record, the plaintiff clearly knew of his injury or the cause of his injury as early as March 26, 1988, the last date his cerebrospinal fluid was monitored through a lumbar puncture. He refused further lumbar punctures during an outpatient visit on September 19, 1989. Both dates are beyond the two years preceding September 24, 1991. While the condition "brain lesion" does not appear on the VA's records, the record is replete with references to cerebrospinal fluid

abnormality, persistent headaches, possibly migrainous, and head trauma with 1985 history of blowout fracture of right orbit. This record was certainly enough to alert the plaintiff as to his condition. Further, the plaintiff has produced nothing beyond his unsupported contention of a "brain lesion" to show that the VA diagnosis of chronic meningitis was incorrect.

While I am mindful that a *pro se* plaintiff should not be held to a strict standard, *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979), I must conclude that this claim is barred by the required application of the statute of limitation. *Richmond v. U.S.*, 709 F.2d 122 (1st Cir.1983); *U.S. v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

Accordingly, the motion of the plaintiff for summary judgment is denied. The motion of the defendant to dismiss is allowed.

SO ORDERED.