USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

No. 97-1511

 ROGELIO FUENTES, ET AL.,

 Plaintiffs, Appellants,

 v.

 RAFAEL ZAPATA, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,

 Cyr, Senior Circuit Judge,

 and Lynch, Circuit Judge.

 

 Jose A. Pagan Nieves for appellants.
 Igor Dominguez, with whom Igor Dominguez Law offices, was on
brief for appellees.

 
 April 13, 1998

 Per Curiam. Plaintiffs and their conjugal partnership
appeal from a district court judgment dismissing their claims
against the individual members of the credentialing committee at
Hospital San Fransisco ["HSF"] for negligently extending emergency
room privileges to Dr. Victor Medina, who attended plaintiffs'
five-year-old daughter immediately before her death on November 25,
1989.
 Plaintiffs brought suit against Dr. Medina and HSF on
July 11, 1991, for alleged negligent treatment of their daughter. 
Other defendants were added through various amendments to the
complaint. On January 25, 1994, plaintiffs released HSF from "any
claim for . . . damages suffered by the plaintiffs past, present,
and future, related to the treatment and hospitalization that
[their daughter] received at [HSF] . . . ." As contemplated by the
settlement agreement, plaintiffs thereafter stipulated to the
dismissal of all claims against HSF.
 Six months later, however, plaintiffs filed their Fourth
Amended Complaint, claiming that the individual members of the HSF
credentialing committee "negligently selected, qualified and
authorized Dr. Victor Medina to practice" in the emergency room
notwithstanding an alleged lack of professional qualifications and
training. The district court ultimately dismissed the Fourth
Amended Complaint in its entirety, on the ground that all claims
were time-barred. We review its ruling de novo. See Gonzalez-
Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990).
 As the Fourth Amended Complaint was not filed within the
one-year limitations period prescribed in P.R. Laws Ann. tit. 31,
 5298(2), plaintiffs sought to demonstrate that the running of the
limitations period had been tolled. See Rodriguez Narvaez v.
Nazario, 895 F.2d 38, 45 (1st Cir. 1990). Nevertheless, we need
not address appellants' tolling arguments since the cause of action
asserted in the Fourth Amended Complaint (i.e., negligent
credentialing) is not identical to that in the original complaint
(i.e., negligent treatment). See id. at 43 (although "tolling the
statute [of limitations] as to one jointly and severally liable
defendant tolls it as to all, . . . the tolling is effective with
regard only to identical causes of action. The statute oflimitations is not tolled for all claims arising out of the sameset of facts.") (emphasis added); see also Fernandez v. Chardon,
681 F.2d 42, 49 (1st Cir. 1982) (same).
 Whereas the original complaint made no mention of Dr.
Medina's allegedly deficient professional qualifications, the
Fourth Amended Complaint asserted that the members of the
credentialing committee "negligently selected, qualified and
authorized Dr. Victor Medina to practice medicine [in the HSF
emergency room.] At the time of the events, Dr. Medina was not
qualified nor had the training necessary to treat Anes Fuentes . .
. ." See, e.g., Marquez Vega v. Martinez Rosado, 116 D.P.R. 397
(1985) (recognizing that, in Puerto Rico, "public policy dictates
that . . . the hospital has the continuous obligation to protect
the health of its patients by . . . carefully selecting the
physicians who . . . are granted the privilege of using its
facilities . . . ."); see also, e.g., Browning v. Burt, 613 N.E.2d
993, 1004 (Ohio 1993) ("Negligent credentialing claims arise out of
the hospital's failure to satisfy its independent duty to grant and
continue staff privileges only to competent physicians.").
 The legal responsibility of a hospital to extend
privileges only to qualified professionals is distinct from its
vicarious liability for the torts of the professionals to whom it
extends hospital privileges. See, e.g., Johnson v. Misericordia
Community Hosp., 301 N.W.2d 156, 165 (Wisc. 1981) (citing with
approval cases holding "that a hospital has a direct and
independent responsibility to its patients, over and above that of
the physicians and surgeons practicing therein, to take reasonable
steps to . . . insure that its medical staff is qualified for the
privileges granted"). Since the original complaint asserted a
cause of action for negligent treatment, its filing did not toll
the limitations period with respect to the distinct cause of action
for negligent credentialing asserted in the Fourth Amended
Complaint.
 The district court judgment is affirmed. Costs are
awarded to appellees.
 SO ORDERED.