Carmen ROMAN, et al., Plaintiffs,

v.

Brian Keith TOWNSEND,
et al., Defendants.

No. Civ. 96–2389(PG).

United States District Court,
D. Puerto Rico.

May 4, 1999.

Frank D. Inserni, Hato Rey, PR, for plaintiff.

Fidel A. Sevillano, Asst. U.S. Attorney, Hato Rey, PR, for defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is Defendants' Unopposed Motion to Dismiss and/or for Summary Judgment. Plaintiffs' complaint demands recovery under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss and/or for Summary Judgment.

### Procedural Background

On November 27, 1995, plaintiff Carmen J. Román filed an administrative claim under the FTCA, 28 U.S.C. § 2671, et seq. Her tort claim was denied on May 17, 1996, by the agency. On May 28, 1996, plaintiff Carmen Román received the denial letter. Paragraph three of the denial

letter specifically informed the plaintiff of her right to file suit in federal court not later than six (6) months after the date of mailing or the remedy will be forever barred.

Notwithstanding the above, on November 15, 1996, the plaintiff filed her complaint, not against the United States of America, as required by law under the FTCA, but against Brian Keith Townsend, Anthony Shope, John Doe and Peter Roe, all individual co-defendants.

It was not until December 9, 1997, that plaintiff Román amended her complaint to add Togo D. West, Secretary of the U.S. Army. For the first time, she asserted jurisdiction under 28 U.S.C. § 2671, *et seq.*, or the FTCA. In such amended complaint, the United States of America was, again, not included as the defendant, notwithstanding the clear provision set forth as 28 U.S.C. § 2679(a) as to the United States of America being the exclusive proper party defendant under the FTCA.

Plaintiffs' complaint under the FTCA is subject to dismissal. It fails to state a claim against the United States of America. It is also time barred. Plaintiffs not only have failed to file their complaint in federal court against the United States of America, but they have also failed to file the same within six (6) months after the date of mailing of the agency's denial letter. (*See* 28 U.S.C. § 2401(b)).

Plaintiff Bivens' complaint against the individual codefendants is also time barred. More than one year has elapsed between the occurrence (November 29, 1994) and the first filing of plaintiffs' complaint on November 15, 1996, against the individual codefendants.

### Standards

#### A. *Motion to Dismiss*

A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal courts' subject matter jurisdiction over the action. Fed.R.Civ.P. 12(b)(1). "It is the plaintiff's burden of proof to prove the existence of subject matter jurisdiction." *Aversa v. United States of America,* 99 F.3d 1200, 1209 (1st Cir.1996). As a general rule a dismissal of an action under Fed.R.Civ.P. 12(b)(1) does not constitute a dismissal on the merits and has no *res judicata* effect. *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182 (2nd Cir.1996). "We take the allegations of the complaint to be true, and we will not affirm ... dismissal unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of his claim which would entitle him to relief." *Negrón–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27 (1st Cir.1994) (quoting *Carney v. Resolution Trust Corp.,* 19 F.3d 950, 954 (5th Cir.1994)), *cert. denied, Hernández Torres v. Negrón Gaztambide,* 513 U.S. 1149, 115 S.Ct. 1098, 130 L.Ed.2d 1066 (1995). "This formulation does not mean, however, that a court must (or should) accept every allegation made by the complainant." *United States of America v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir.1992). "We will not accept a complainant's unsupported conclusions or interpretations of law. *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993) (quoting *Id).*" Subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleading facts will not defeat a motion to dismiss. *Murphy v. United States of America,* 45 F.3d 520, 522 (1st Cir.1995) (quoting *Coyne v. City of Somerville,* 972 F.2d 440 (1st Cir.)), *cert. denied,* 515 U.S. 1144, 115 S.Ct. 2581, 132 L.Ed.2d 831 (1995). In addition, this motion may be appropriate when plaintiff has failed to exhaust administrative remedies. *Román–Martínez v. Runyon,* 100 F.3d 213 (1st Cir.1996); *Christopher W. v. Portsmouth School Committee,* 877 F.2d 1089 (1st Cir.1989). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *Nowak, supra.* In light of the aforementioned, defendants have shown that the

complaint should be dismissed under Fed. R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter.

## B. Summary Judgment

Under Fed.R.Civ.P. 56, summary judgment is appropriate when the moving party demonstrates (1) that there is no genuine issue of material fact, and (2) that the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party has the burden to establish through affirmative evidence that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see, Medina Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

Rule 56(e) provides that where the moving party supports its summary judgment with affidavits, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Reliance on the allegations in the pleadings is not enough. *Boruski v. United States,* 803 F.2d 1421, 1428 (7th Cir.1986) (citation omitted). Here, the defendants are also entitled to summary judgment.

## The Doctrine of Sovereign Immunity

 It is fundamental that, under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Moreover, any governmental waiver of sovereign immunity must be expressed unequivocally and such waivers are strictly construed. *See, United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).

 The FTCA is a limited waiver of the Sovereign Immunity of the United States. The filing of a proper and timely administrative claim and subsequent exhaustion of administrative remedies is a jurisdictional prerequisite to the prosecution of an FTCA action. *See,* 28 U.S.C. § 2675(a); *Cotto v. United States,* 993 F.2d 274, 280 (1st Cir.1993); *Reilly v. United States,* 863 F.2d 149 (1st Cir.1988). As such, this requirement cannot be waived. *Del Valle Rivera v. United States,* 626 F.Supp. 347, 348 (D.P.R.1986).

██ In order for an administrative claim to be properly and timely filed, said filing must be made within two years of the claim's accrual. *See,* 28 U.S.C. § 2401(b); *González–Bernal v. United States,* 907 F.2d 246 (1st Cir.1990). In the event that the administrative claim is denied, a suit must be brought within six months following the denial. *González–Bernal,* 907 F.2d at 249. Moreover, the filing must be presented to the appropriate federal agency. *Attallah v. United States,* 955 F.2d 776 (1st Cir.1992); *Chatman v. Hernández,* 805 F.2d 453, 456 (1st Cir. 1986).

## The Proper Party Defendant to a FTCA Claim

Under the FTCA, the claimant must bring his/her action solely against the United States. No suit under the FTCA will be against any of its agencies *eo nomine.* (*See* 28 U.S.C. § 2679(a)). Pursuant to law, the only proper party defendant to a FTCA claim is the United States of America and, in this case, it has never been a party to this litigation.

## The Time for Commencing a FTCA Action Against The United States of America

The law provides at 28 U.S.C. § 2401, the time for commencing a FTCA action against the United States of America:

(a) . . .

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or *unless action*

*is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.* (Emphasis added).

 In the case at bar, the agency's denial letter was dated May 17, 1996. Plaintiffs had until November 17, 1996, within which to file her tort complaint against the United States of America. The plaintiffs never complied with such jurisdictional requirement. Not only did the plaintiffs fail to file their complaint within the six-month period, but also failed to include the United States of America as the sole proper party defendant to the FTCA complaint. Therefore, not only is the complaint time barred but it also fails to include the United States of America as the exclusive proper party defendant to a FTCA claim.

### The Bivens Claim

The plaintiffs filed their original complaint against the individual co-defendants on November 15, 1996. The complaint mentions the incident that gave rise to this case as occurring on November 29, 1994. Since more than one year elapsed between the occurrence and the filing of plaintiffs' complaint, the same is also time barred as to the individual co-defendants.

Plaintiffs' claim against the individual co-defendants is in their personal capacity and in the nature of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In that case the Supreme Court held that violations of the Fourth Amendment's commands against unreasonable searches and seizures by a federal agent acting under color of federal authority give rise to a federal cause of action against the agent for damages consequent upon the agent's unconstitutional conduct. In the later case of *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the court held that the liability established in *Bivens* also extends to violations of the rights provide under

the due process clause and the Fifth Amendment. Plaintiffs' claims are predicated on alleged violations of her Fourth and Fifth Amendments' Federal constitutional Rights.

 Defendants also move to dismiss plaintiffs' *Bivens* action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that it is time barred. The Court agrees. The issue of the appropriate statute of limitations in *Bivens* actions is not new to this district court, *see López v. Aran,* 600 F.Supp. 323 (D.P.R.1984) (Pieras, J.); *Padro v. Department of the Navy,* 759 F.Supp. 958 (D.P.R. 1991) (Cerezo, J.), all of which have held that a one-year statute of limitations applies.

*Bivens* actions, being creatures of federal common law, have no established statutory limitations period. However, in analogous situations involving suits against state officials based on similar conduct adjudicated under 42 U.S.C. § 1983, it has long been settled that federal courts should apply the statute of limitations of the most closely analogous state cause of action. *Accord Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) *Rodríguez Narváez v. Nazario,* 895 F.2d 38, 41 (1st Cir.1990) (discussing three-step process dictated by 42 U.S.C. § 1988); *Ramírez Morales v. Rosa Viera,* 815 F.2d 2, 4 (1st Cir.1987) *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985). The Supreme Court has held that in actions under section 1983 federal courts are to borrow the state law limitations period for personal injury claims. *Accord Felder v. García,* 471 U.S. 261, 278–79 (1985) (citations omitted) (since section 1983 is appropriately characterized as "conferring a general remedy for injuries to personal rights," the most analogous state limitations period will generally be the one reserved for personal torts). The First Circuit has repeatedly held that for claims arising in Puerto Rico "[i]n cases pursuant to the Civil Rights Act

[including section 1983] the analogous and relevant statute of limitations is that which is applicable to tort actions pursuant to Title 31 LPRA Section 5298(2), which establishes a period of one year 'from the time the aggrieved person had knowledge thereof.'" *Graffals González v. García Santiago,* 550 F.2d 687 (1st Cir.1977); *see also Rodríguez Narváez,* 895 F.2d at 42; *Ramírez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, 318 (1st Cir.1978); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985); *Ayala Serrano v. Lebrón González,* 909 F.2d 8, 12 (1st Cir.1990).

The Supreme Court has further held that the body of state laws governing certain issues under section 1983 should apply to *Bivens* suits as well. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (body of law governing official immunity under section 1983 should apply to *Bivens* suits). The purpose of this rule is to avoid the incongruous treatment that might otherwise result, especially where federal and state officials are sued based on the same conduct. *Id.* at 501, 98 S.Ct. 2894 The underlying rationale is that since *Bivens* actions concern claims against federal officials parallel to those against state officials under section 1983, the actions should be treated in a parallel fashion. Circuits that have addressed the issue have therefore held that state statutes of limitations should be borrowed for suits under *Bivens* as they are in suits under section 1983. *Accord Beard v. Robinson,* 563 F.2d 331 (7th Cir.1977).

### Conclusion

Therefore, applying the Puerto Rico limitations period invoked in section 1983 actions to the instant *Bivens* action, the limitations period for this suit is one year. (*See Afanador v. United States Postal Service,* 787 F.Supp. 261 (D.P.R.1991)).

In view of the aforementioned, plaintiffs' complaint under the FTCA as well as plaintiffs' *Bivens,* complaint against the individual co-defendants are both time barred. Therefore, it is hereby **ORDERED** that plaintiffs' complaint is **DISMISSED.**

**IT IS SO ORDERED.**