**Nicolas Nogueras CARTAGENA, Plaintiff,**

v.

**UNITED STATES of America, Defendants.**

**Civ. No. 02–1205 (JAF).**

United States District Court, D. Puerto Rico.

March 31, 2004.

Angel L. Morales–Rodriguez, San Juan, PR, for Plaintiff.

Nicolas Nogueras–Cartagena, Nicolas Nogueras, Jr. Law Offices, San Juan, PR, pro se.

Katherine A. Carey, U.S. Dept of Justice, Washington, DC, Sherri Lee Keene, Washington, DC, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Nicolás Nogueras Cartagena ("Plaintiff Nogueras") brought the present action against Defendants, the United States of America ("Defendant United States"), the Internal Revenue Service ("Defendant IRS"), Jorge Moral ("Defendant Moral"), Michael J. Morel ("Defendant Morel"), Ronald McKeever ("McKeever"), José E. González ("Defendant González"), and Jorge Manrique ("Manrique"), claiming violations of 26 U.S.C. § 7433 (2002 & Supp.2003); the Federal Tort Claims Act, 28 U.S.C. § 2675 (1994 & Supp.2003); the United States Constitution; and various state laws. *Docket Document No. 3.*

Defendant United States moves to dismiss. *Docket Document No. 4.* Defendants Moral, Morel, McKeever, González, and Manrique also move to dismiss. *Docket Document No. 8.* Plaintiff opposes the motions. *Docket Document No. 9.*

## I.

### Relevant Factual and Procedural History

As we must, we accept Plaintiff's factual averments as true for purposes of this motion to dismiss. *Docket Document No. 3; see Alternative Energy v. St. Paul Fire & Marine,* 267 F.3d 30, 33 (1st Cir.2001) (explaining that on motion to dismiss, the court must accept all allegations in the complaint as true and must construe "all reasonable inferences in favor of the plaintiffs").

Plaintiff Nogueras is a practicing attorney, and a member of the bars of the Supreme Court of Puerto Rico, the United States District Court for the District of Puerto Rico, and the United States First Circuit Court of Appeals. Plaintiff Nogueras was the President and major stockholder of Inter–American Corporation ("Inter–American").

Defendant United States assessed tax penalties against Plaintiff Nogueras. Defendants McKeever, González, Manrique, Moral, and Morel were agents involved in a criminal trial involving Plaintiff or in the collection of Plaintiff's assessed tax debt.

On or about the years 1983–1984, two corporations owned by Plaintiff Nogueras, Inter-american Corporation and International Hotel Corporation, bought shares in two hotels, the Carib–Inn Hotel, otherwise known as Prinair Hotel Corporation, ("Prinair") and the Palace Hotel, otherwise known as the Puerto Rico Hotel Corporation ("Puerto Rico Hotel Corporation").

Prinair filed for bankruptcy in 1981. On December 16, 1983, the bankruptcy trusteeship ended and the corporation became a "debtor in possession," with Plaintiff's Inter–American corporation as one of its stockholders. In 1985, the Bankruptcy Court converted the case back to a Chapter 7 bankruptcy case and reappointed a trustee. The Defendant IRS filed claims against Prinair, obtaining payments from Prinair and the trustee. At all times perti-

nent to this complaint, Prinair remained under the jurisdiction of the United States Bankruptcy Judge who presided over the proceedings.

In 1983, Inter–American purchased the Palace Hotel through a leveraged buyout. In February 1985, Puerto Rico Hotel Corporation filed a bankruptcy petition under Chapter 11, which was converted to a Chapter 7 in February 1986. On May 15, 1996, the estate at bankruptcy was closed and the trustee was discharged.

On May 14, 1985, the Defendant IRS notified a proposed penalty assessment against Plaintiff Nogueras in regards to Puerto Rico Hotel Corporation. On June 12, 1985, Plaintiff Nogueras appealed and protested the assessment in a letter to the Defendant IRS. In the letter, Plaintiff claimed the assessment was premature because Puerto Rico Hotel Corporation was engaged in bankruptcy proceedings. Plaintiff claimed that the Defendant IRS had a super priority claim as to the assets in the bankruptcy estate, and that, even after liquidation, assets existed to cover the Defendant IRS debt owed. Plaintiff did not receive further notification or transmittal from the Defendant IRS.

On April 24, 1996, the United States attorney for the District of Puerto Rico filed an indictment charging Plaintiff of, inter alia, conspiracy to defraud the United States, graft and conflict of interest, and structuring transactions to evade reporting requirements. On June 22, 1999, the United States Attorney requested dismissal of the criminal case.

On December 12, 1999, Defendant Morel sent Plaintiff Nogueras a letter, in which he references Plaintiff's request for "a letter with a breakdown of [Plaintiff's] current tax liability." The letter informed Plaintiff of "Trust Fund Recovery Penalties" for the periods ending March 31, 1985, December 31, 1985, and March 31, 1986.

On March 7, 2000, the Defendant IRS issued a "Final Notice: Notice of Intent to Levy and Notice of Your Right to a Hearing," pursuant to 26 U.S.C. §§ 6330 and 6331. On April 4, 2000, Plaintiff Nogueras replied to Defendant Morel's letter, stating that it was his belief that he owed no taxes to Defendant IRS on his hotel holdings. Further, Plaintiff stated that he was "concerned with Defendant IRS' continued conduct in regard to hotel debts, notwithstanding what transpired last year in federal court." Plaintiff referenced the "destruction of records and documents, the unobservance of administrative and legal due process, as well as statute of limitations effect of assessments and collections." He also informed Defendant Morel that he had instituted FTCA claims against the Defendant IRS and the United States Department of Justice, "over their conduct in criminal cases." Plaintiff also requested a collection due process hearing.

On April 21, 2000, Plaintiff Nogueras filed a civil complaint in case 00–1778. On August 31, 2001, Plaintiff Nogueras wrote a letter to Defendant Moral in which he again objected to the actions taken in his case, and objected to not having had a hearing. He mentioned that "the Defendant IRS had destroyed records and had let time pass in an appeal [Plaintiff] filed in 1984 on the matter." Plaintiff also referenced the "time elapsed, the spoliation of [his] records by the Defendant IRS, the statute of limitations, and the expired period of notice and assessment" in regard to the tax assessment.

On January 9, 2002, the Defendant IRS sent Plaintiff two Notices of Determination which notified Plaintiff of its conclusion that the proposed collection action was appropriate, and informed him of his right to dispute that determination in tax court.

On February 8, 2002, Plaintiff filed the present complaint, *Docket Document No. 1*, which he amended on February 15, 2002, *Docket Document No. 3*, alleging that he has complied with all the IRS requirements and requesting that we review Defendant United States' tax assessment pursuant to 26 U.S.C. §§ 6330, 6331, and 7433. Plaintiff also claims that Defendants McKeever, González, Manrique, Moral, and Morel (1) violated Plaintiff's substantive due process, under *Aversa v. United States of America,* 99 F.3d 1200 (1st Cir.1996); (2) violated Plaintiff's right to be free from any unreasonable search and seizure as a result of their arrest pursuant to a warrant predicated on false information by government agents; (3) intentionally or negligently inflicted emotional distress on all Plaintiffs; (4) violated clearly established statutory and constitutional rights of which a reasonable person would have known; and (5) made an improper use of process for an immediate purpose other than that for which it was designated and intended. *Docket Document No. 3.*

Defendant United States moves to dismiss, claiming: (1) Plaintiff failed to file an administrative claim prior to bringing suit, and, therefore, failed to comply with the mandatory prerequisite of the FTCA, and (2) Plaintiff may not challenge Defendant IRS' assessment of taxes relating to Plaintiff's ownership of the hotels because Plaintiff may not file suit in district court contesting the underlying assessment of a tax liability without first paying the taxes and seeking a refund. *Docket Document No. 4.*

On April 25, 2002, Defendant United States filed a motion to substitute itself for individual Defendants McKeever, González, Manrique, Moral, and Morel. *Docket Document No. 5*, which we granted on June 20, 2002. *Docket Document No. 6.*

Defendants McKeever, González, Manrique, Moral, and Morel move to dismiss on the grounds that: (1) Plaintiff's *Bivens* claims are time-barred; (2) a *Bivens* suit against individual Defendants is inappropriate to the extent it relates to the Defendant IRS' collection activities; (3) Defendant McKeever is absolutely immune from liability for his testimony during Plaintiff's criminal trial; and (4) Plaintiff failed to summon the individual Defendants. *Docket Document No. 8.*

## II.

### A. *Motion–to–Dismiss Standard under Rule 12(b)(1)*

Under Rule 12(b)(1), a defendant may move to dismiss an action against her for lack of federal subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of it. *See Aversa v. U.S.,* 99 F.3d 1200, 1209 (1st Cir.1996). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa,* 99 F.3d at 1210 (citation omitted).

### B. *Motion–to–Dismiss Standard under Rule 12(b)(6)*

Under Rule 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plain-

tiff's "failure to state a claim upon which relief can be granted ...." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [non-movant]." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993); *see also Coyne v. City of Somerville*, 972 F.2d 440, 442–443 (1st Cir.1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

## III.

### *Analysis*

### A. *Defendant United States*

#### 1. *Failure to File an Administrative Claim under the FTCA*

 Under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment. *See* 28 U.S.C. § 2679(a). "It is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir.1992). The administrative prerequisite under the FTCA "allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed." *Santiago–*

*Ramirez v. Sec'y of the Dep't of Def.*, 984 F.2d 16, 18 (1st Cir.1993) (citing 28 U.S.C. § 2675). In order for an administrative claim to be properly and timely filed, said filing must be made within two years of the claim's accrual. *See* 28 U.S.C. § 2401(b); *Gonzalez–Bernal v. United States*, 907 F.2d 246 (1st Cir.1990). In the event that the administrative claim is denied, a suit must be brought within six months following the denial. *Gonzalez–Bernal*, 907 F.2d at 249.

Defendant United States claims that this court does not have jurisdiction to hear Plaintiff's claims of negligent investigation and malicious prosecution under the FTCA because Plaintiff has not filed an administrative claim, nor exhausted his administrative remedies. *Docket Document No. 4.* Moreover, Defendant notes that 28 U.S.C. § 2680(c) excludes from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty...." 28 U.S.C. § 2680(c). Finally, Defendant United States notes that Plaintiff filed similar charges in this court in Civil No. 00–1778(DRD), and that some of the charges considered in this case had already been dismissed. *Id.*

Plaintiff counters that Defendant United States, the Department of Justice, and the Internal Revenue Service have been occupied with his case for six years, and, therefore, have knowledge of the issues underlying his claim. *Docket Document No. 9.* Plaintiff also claims that an administrative action filed in October 2000 presented Defendant with the legal theories in this case, and that under those circumstances, it is not necessary to refile the administrative claim. *Id.*

██ We find that Plaintiff inappropriately relies on an administrative claim under the FTCA filed on January 4, 2000, which was denied on October 30, 2000.

Under the rubric articulated above, even if we were to accept that the January 4, 2000, FTCA claim pertained to the matters at hand, Plaintiff must have brought a suit within six months following the denial. *Gonzalez–Bernal,* 907 F.2d at 249. The present action, filed on February 8, 2002, clearly falls outside the statutorily-proscribed period. Plaintiff's failure to file an administrative claim under the FTCA denies this court's jurisdiction. Plaintiff's cited cases, *Harris v. United States,* 797 F.Supp. 91 (D.P.R.1992) and *Beran v. United States,* 759 F.Supp. 886 (D.D.C. 1991), both discuss the appropriateness of a plaintiff's administrative claim, not the absence of a claim altogether.

▋ The filing of an administrative claim under the FTCA is an absolute prerequisite to suit, which the court has no power to waive, even where a plaintiff believes that the filing of a claim would be futile. *Attallah,* 955 F.2d at 779 (finding that the filing of a timely administrative claim is a jurisdictional requirement that cannot be waived); *Cotto v. United States,* 993 F.2d 274, 280 (1st Cir.1993) (same). As such, we must dismiss Plaintiff's FTCA claims.

### 2. *26 U.S.C. § 7433*

Defendant United States claims that Plaintiff has failed to state a claim pursuant to 26 U.S.C. § 7433. *Docket Document No. 4.* Further, Defendant claims that, even if Plaintiff's averments created a cognizable claim under 26 U.S.C. § 7433, Plaintiff has failed to show that he has exhausted the administrative remedy prerequisite. *Id.* Plaintiff counters that Defendant has admitted it is trying to collect taxes from him, and that "to require [Plaintiff] to pay these taxes before being provided an opportunity to litigate his underlying tax liability would be to effectively deny his right to such relief. [Plain-

tiff's] alleged liability does not only far exceed his capacity, but is also predicate [sic] on the erred notion that he at some time owed it." *Docket Document No. 9.*

26 U.S.C. § 7433 states, in part, that:

[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

27 U.S.C. § 7433.

▋ "Section 7433's waiver of sovereign immunity, like any other, must be strictly observed, and construed in favor of the sovereign." *Gonsalves v. I.R.S.,* 975 F.2d 13, 15–16 (1st Cir.1992) (internal citations omitted). "Courts may not 'enlarge ... beyond what the language [of the statute creating the waiver] requires.'" *Id.* (quoting *Eastern Transp. Co. v. United States,* 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472 (1927)). First, any action in federal court must be preceded by an administrative claim for a refund. 26 U.S.C. § 7422(a). Second, the taxpayer may not go to court until he has actually paid the assessment. *See Magnone v. United States,* 902 F.2d 192, 193 (2d Cir.1990).

▋ It is undisputed that Plaintiff has not met the prerequisites of Section 7433. A Section 7433 action "may not be based on alleged ... disregard in connection with the determination of tax," *Gonsalves v. I.R.S.,* 975 F.2d 13, 16 (1st Cir.1992) (citations omitted), but must be premised on the "collection of Federal tax." 26

U.S.C. § 7433(a). Here, Plaintiff explicitly argues that "to require Plaintiff to pay taxes before being provided an opportunity to litigate his underlying tax liability would be to effectively deny his right to such relief. [Plaintiff's] alleged liability ... is premised on the erred notion that he at some time owed it." *Docket Document No. 8.* Thus, Plaintiff's action, while brought under the collection provisions of Section 7433, actually is premised on Plaintiff's dispute as to the assessed underlying tax. *Id.*

■ Plaintiff asks this court to disregard this discrepancy by pointing to the procedural problems with his criminal case, and his belief that any administrative action will be futile. *Docket Document No. 9.* Yet Congress contemplated a "pay first and litigate later" statutory scheme in its passage of these tax provisions, *Flora v. United States,* 357 U.S. 63, 74, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), a scheme which curtails anticipatory lawsuits like the one here. At the heart of Plaintiff's claim is the substantive contention that he does not now owe, and has never owed, any money to the Defendant IRS. "As long as that is so, any attack ... will necessarily involve a determination of the accuracy of the underlying assessment, a determination that a district court cannot make until the jurisdictional prerequisites for a refund action have been fulfilled." *McMillen v. U.S. Dept. of Treasury,* 960 F.2d 187, 190 (1st Cir.1991).

Without more, we must dismiss Plaintiff's claims under Section 7433. As noted by Defendant United States, Plaintiff may be able to return to this forum once he has complied with the applicable administrative provisions.

## B. *Individual Defendants*

Individual Defendants McKeever, González, Manrique, Morel, and Moral, move to dismiss pursuant to FED. R. CIV. PROC. 12(b)(6), claiming that: (1) Plaintiff's claims under *Bivens* are time-barred; (2) Plaintiff's claims are inappropriate because a *Bivens* suit against individual defendants is inappropriate to the extent it relates to the Defendant IRS' collection activities; (3) Defendant McKeever is absolutely immune from liability for his testimony at Plaintiff's criminal trial; and (4) Plaintiff failed to effect a proper service upon the individual defendants. *Docket Document No. 8.* We note, however, that Defendants' motion to dismiss was preceded by Defendant United States' motion for substitution of individual Defendants, which we granted. *Docket Documents Nos. 5, 6.* As such, the individual Defendants were terminated from the case at bar. Moreover, the individual defendants were never personally served in accordance with Rule 4 of the Federal Rules of Civil Procedure. FED. R. CIV. PROC. 4; *Micklus v. Carlson,* 632 F.2d 227, 240 (3d Cir.1980). Without such personal service, we are without jurisdiction over the individual defendants. *Hutchinson v. United States,* 677 F.2d 1322, 1328 (9th Cir.1982). As such, we also must grant Defendant's motion to dismiss the individual defendants. *Docket Document No. 8.*

## IV.

### *Conclusion*

In accordance with the foregoing, we **GRANT** Defendant United States' motion to dismiss, *Docket Document No. 4,* and **GRANT** the individual Defendants' motion to dismiss. *Docket Document No. 8.* Judgment shall be entered dismissing the present case.

**IT IS SO ORDERED.**